## KARGER v. SANDLER.
### No. 86.

Circuit Court of Appeals, Second Circuit.
Dec. 5, 1932.

George G. Schechter, of Brooklyn, N. Y., for appellant.

Irving H. Schafer, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

The judge denied the bankrupt his discharge because he had failed to keep books from which his financial condition could be ascertained, and had destroyed papers which would have helped disclose it. Section 14b (2), Bankr. Act, 11 USCA § 32 (b) (2). The case has been treated as though the statute required proof of an intent to conceal the bankrupt's position from his creditors, ignoring the amendment of 1926. That is no longer necessary; it is enough that his failure, or the destruction, was not "justified under all the circumstances," a vague phrase, admitting much latitude of construction. Nix v. Sternberg, 38 F.(2d) 611 (C. C. A. 8). No doubt the section is not concerned with impeccable bookkeeping as such [In re Russell (D. C.) 52 F.(2d) 749, 753]; the interests protected are those of creditors, and the bankrupt's conduct must affect their ability to learn what he did with his estate; but his fault need not involve any specific intent to balk their inquiries, though the standard is left at large, to be fixed ad hoc as the evidence may require. That is no doubt a very loose test, but no looser than some others; for example, that by which the creditor's duty to inquire further is measured, when an insolvent pays a debt under suspicious circumstances, or the standard of care in much of the law of torts. The vague, but imperative, dictates of ordinary fair dealing, or common caution, are taken to supply any inability to tell in advance just what the law will exact. While in such cases the functions of judge and legislator no doubt coalesce, custom has too long accredited the confusion to raise any doubts of its propriety, when the power is plainly granted.

Moreover, section 14b shifts the burden of proof, once the creditor satisfies the judge that there are "reasonable grounds for believing" that the bankrupt has been guilty of any of the forbidden acts or omissions. Here there were certainly such grounds. The bankrupt had abandoned even a bank account, and resorted to the extremely cumbersome method of paying his sister in cash for checks on her account with which to meet his own obligations. Such indirection on its face presupposes some motive, which there was reasonable ground to take as sinister. Again, while the slips of his cash receipts from his patients—he was a doctor—did not go far to confirm his income tax returns, at least they were contemporary entries, whose correspondence with the totals returned would have helped to support them. Why he should have destroyed these as soon as he filed the returns, he does not intelligibly explain. These two practices alone are enough to put him to a more convincing explanation than he has given, and support the judge's conclusion that he had not affirmatively "justified" the almost complete absence of any documents bearing upon his financial doings.

Order affirmed.