## In re ZIMMERMAN.
### No. 24825.

District Court, E. D. New York.
April 11, 1934.

Morris Gogolick, of New York City, for bankrupt.

Seymour D. Altmark, of New York City, for objecting creditor Linker & Kline.

Carl J. Austrian, of New York City (Sol Dubow, of Brooklyn, N. Y., of counsel), for objecting creditor Bank of United States.

694

GALSTON, District Judge.

This is a motion to confirm the report of the referee, which recommends the discharge of the bankrupt. The specifications of objection to the discharge recited that: (1) The bankrupt destroyed, concealed, and failed to keep books of account; (2) the bankrupt obtained credit on a false financial statement; (3) the bankrupt failed to explain any loss of assets or deficiency of assets to meet his liabilities.

After retiring from the cloak and suit business in 1926, the bankrupt had a net worth of about $800,000. He then entered into extensive building operations, acting through corporations which he organized for that purpose, and otherwise had extensive real estate holdings through the ownership of the capital stock of various corporations.

He testified that he kept no personal books nor any record of what moneys he received from various corporations. He had salaries from various corporations, but received no dividends. However, there is no record to show the receipt of the moneys nor what was done therewith. He gave his wife cash for housekeeping, or, if payment from the corporation was by check, he deposited such check or checks in his personal bank account. He was unable to produce the check books, and stated he did not know where they were. He was unable to produce vouchers from his bank, and he did not know what had happened to the vouchers.

Referring to the corporation, No. 110 West 86th Street, organized in 1928, he was unable to state how much his investment was; the books were not procurable; he was unable to state what loans he had made to the corporation.

No records of any kind showed what his transactions with any corporations were. He produced copies of some corporate tax returns, but from these it is impossible to ascertain what his financial condition and business transactions were.

He accounts for the nonproduction of the books of the corporations in which he was interested by stating that he was unable to provide a place for their safe-keeping, and that at one time they were in the possession of Tennenbaum, his brother-in-law, who, after some talk with Zimmerman towards the end of July, 1933, gave his records to the junkman.

Clearly, it was the duty of this bankrupt, particularly in the absence of personal books of account from which his financial condition and business transactions could be ascertained, to make every effort to preserve the corporate records. His failure, therefore, to keep personal records or books of account, irrespective of the question of intent, in all the circumstances of the case, cannot be justified.

The first specification must therefore be sustained. Karger v. Sandler (C. C. A.) 62 F.(2d) 80.

The second specification relates to the giving of a false financial statement. This statement was delivered to the Bank of United States. He listed his assets as of April 1, 1930, on the basis of which he sought to have the bank extend credit to corporations of which he was an officer and of which he owned 75 per cent. of the stock. Loans were granted on the corporate paper indorsed by the bankrupt. In this financial statement, the bankrupt included among his assets an equity of $13,000 in his home at Long Beach. It appears that this home at 35 East Walnut street, Long Beach, had been deeded to Anna Zimmerman, the wife of the bankrupt. His explanation was that at the time he made the statement he did not know that he had not himself taken title to the premises in question. The explanation is not convincing.

This specification must also be sustained.

The third specification is very closely related to the first. Without either the personal books or the corporate books, he was unable satisfactorily to explain his loss of assets. 11 USCA § 32 (b) (7), provides that a discharge shall be granted, unless the bankrupt "has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

Undoubtedly the bankrupt suffered severe losses arising out of his various real estate investments and other business enterprises. But the creditors have not been put in the position of knowing how the whole of his $800,000 of net worth in 1926 has disappeared. One cannot read his testimony without feeling that there is much unexplained. His lack of memory cannot be ignored.

The motion to confirm the report of the referee is denied.

Settle order on notice.