**In re YAEGER.**

District Court, W. D. New York.
June 8, 1939.

Robert T. Headley, of Rochester, N. Y., for trustee.

Relin & Relin, of Rochester, N. Y., for bankrupt.

BURKE, District Judge.

Specifications of objection to the discharge of the bankrupt herein were filed. The issue was referred to the referee in bankruptcy to ascertain and report the facts together with his conclusions. The referee filed his report and held that the specifications of objection were not sustained by the proof and that the bankrupt was entitled to his discharge. The trustee excepted in writing to the report and findings of the referee. The motion now before the court is that the exceptions be sustained, that the referee's report and findings be overruled, and that the bankrupt's application for discharge be denied.

The first specification is that the bankrupt had destroyed, mutilated, falsified, concealed, or failed to keep, books of account or records from which his financial condition and business transactions might be ascertained. The bankrupt would have been entitled to further particulars as to this specification if he had so moved prior to the hearing. He did not, however, but moved at the opening of the hearing to dismiss this specification upon the ground that it did not state the alleged acts of the bankrupt and that it was merely a general statement. The motion was denied. The hearing proceeded and at the conclusion thereof the referee allowed an amendment to the first specification which in effect was the allowance of a motion to conform the pleadings to the proof. This was not improper under the circumstances.

The referee found that there was insufficient evidence to show any concealment or any intention to conceal his financial condition and business transactions

from his creditors. Intention to conceal is no longer a necessary element to support an objection to discharge based upon failure to keep books or records. In re Underhill, 2 Cir., 82 F.2d 258; Karger v. Sandler, 2 Cir., 62 F.2d 80. The statute now places the burden of proving justification for such failure upon the bankrupt. Nix v. Sternberg, 8 Cir., 38 F.2d 611.

The only books produced by the bankrupt were two memorandum books which are unintelligible to any person except possibly the bankrupt. The earliest date that appears in either of the books is April 30th. Nothing in the books indicates the year but it may be assumed to be April 30, 1936, approximately six months prior to the adjudication. The bankrupt was not an educated man. Much less should be expected of him than of a person well equipped by education to keep books. He was, however, a business man and apparently did a substantial amount of business as a wholesale and retail baker. One of his wholesale accounts ran between $900 and $1200 monthly. Nowhere in the testimony does the amount of his gross business appear except what was alleged to be his own representation made to an investigator for the purpose of a financial statement, which will be discussed later. Therein it appears, although the bankrupt denies that he made the representation, that his total net sales were $53,000. Although he did business in two banks within a year prior to his bankruptcy, he did not produce any bank books. His explanation was that he did not find them. He was unable to state on his examination how much was paid or how much he owed on equipment used in the bakery business. He said he kept no record of his checks and that he sometimes filled out the stubs and other times he did not. He had no bank account for six weeks prior to his adjudication. He said that at times during 1936 he had as high as $2000 or $2500 owing to him. Although he had his books before him at the examination, he was unable to tell at what time during 1936 such an amount was owing to him. He was unable to give even an approximate amount of the inventory of his store which was taken in January 1936. He said he had been unable to find the inventory and that he wrote it down on a piece of paper and gave it to a representative of a wholesale grocery. He said that he did not have the least idea of what it was. He was unable to state his financial condition several months prior to the bankruptcy, and he had no idea of how much he had lost in the few months prior to his adjudication. He kept no record of what he owed, but said that he trusted people to send him correct statements.

■ Complete disclosure is a condition precedent to the granting of a discharge in bankruptcy. If such a disclosure is not possible without keeping books or records, the absence of such will warrant the denial of a discharge. In re Underhill, supra. In this case, since the bankrupt failed to keep adequate books or records, the burden was upon him to justify his failure to do so under the circumstances. This he has not done. From all that appears in the testimony he was unable when examined to state his financial condition for a reasonable period prior to the bankruptcy. The records other than his books helped little. The cancelled checks submitted were by no means complete and the check stubs were both incomplete and unintelligible. The bankrupt has failed to sustain the burden of justifying his failure to keep books or records which would indicate his financial condition. The evidence was sufficient to sustain the first specification of objection.

■ The second specification charges that the bankrupt on or about March 4, 1936 made or published, or caused to be made or published, a materially false statement in writing respecting his financial condition, to Dunn and Bradstreet, Inc., one of whose corporate purposes is to obtain financial data for the use of its customers or subscribers as an aid to them in determining the advisability of granting or extending credit and that the bankrupt obtained from Brewster, Crittenden Co., Inc., an extension or renewal of credit upon the basis of said false statement. The referee stated in his report that he assumed that the bankrupt signed the statement in question. It appears quite clearly from the evidence and from a comparison of the signature appearing upon the statement with the admitted authentic signatures of the bankrupt on other exhibits, that the statement was signed by the bankrupt. The proof is sufficient to show that it was materially false and that it was made with the intention of securing credit. The bankrupt contends that Brewster, Crittenden Co., Inc., did not rely upon this statement because the indebtedness of the bankrupt to

Brewster, Crittenden Co., Inc., was at no time thereafter larger than it was at the time the statement was made, payments on account having been made by the bankrupt. This fact is not conclusive against reliance on the statement. In re Levenson, D. C., 223 F. 874. The testimony establishes that Brewster, Crittenden Co., Inc., continued doing business with the bankrupt and extending him credit upon the basis of the information contained in the statement. The evidence was sufficient to sustain the second specification.

I am of the opinion that the proof was insufficient to sustain the third and fourth specifications of objection.

The exceptions to the referee's report regarding the first and second specifications of objection are sustained. The referee's report and the findings regarding the first and second specifications of objection are overruled. Discharge of the bankrupt is denied.