In re COLLINS.

No. 32431.

District Court, E. D. New York.

July 28, 1942.

William J. Rudin, of Brooklyn, N. Y., for bankrupt.

Archibald Palmer, of New York City, for objecting creditor.

GALSTON, District Judge.

It must be observed at the outset that this matter was pending before the referee for a period extremely disturbing in length of time and no explanation for the delay in disposing thereof appears in the record. On March 20, 1939, the referee filed a report on certain exceptions to specifications of objection to the discharge of the bankrupt. On April 17, 1939 the matter was referred back to the referee for final decision on the issue of discharge. The last hearing on the objections was held on May 29, 1939. On May 4, 1942, the referee filed his report, as supplemental to his report of March 20, 1939, holding that the specifications of objection be sustained and the discharge denied. The question now comes before the court on a motion to confirm the supplemental report.

It appears that the bankrupt, in 1935 and prior thereto, had been in the employ of the Nevins Bus Lines, and later in that year practiced accounting under the trade names of Busset Accounting & Service Company and Carrier Service Company. He filed his voluntary petition in bankruptcy and was adjudicated a bankrupt on April 16, 1937.

The specifications charge first that the bankrupt failed to keep books and records from which his financial condition could be ascertained.

 It may be admitted that in 1935, during the time he worked for the Nevins Bus Lines as a mere employee, there was no need for him to keep books of account. Thereafter, however, his transactions were such as to require some records for the conduct of his business or occupation. But the only book turned over to the trustee is a so called cash book, which certainly does not disclose his financial condition during the period from 1935 up to 1937. In his schedules there is no mention made of any other book of account. The book fails to disclose transactions with his brother, Murray Cohen, from whom he received money at various times as loans.

Nor do the sketchy papers that he produced present a picture which describes his financial condition during the period preceding his bankruptcy. The first specification is sustained. In re Karger v. Sandler, 2 Cir., 62 F.2d 80.

██ The second specification charges that he gave false testimony in respect to the cashing of dividend checks on stock payable to the order of Bernard Cohen. The referee's report does not discuss this objection and my attention has been called to nothing in the record which sustains it. Accordingly, the exception to the second specification of objection will be dismissed for failure of proof.

██ The third specification charges failure to include in the bankrupt's schedules a judgment held by him against one Harris Nevin. It is conceded that he did obtain such a judgment and that it is not set forth in the schedules. The bankrupt sought to explain the omission by testifying that he did not know about the recovery of the judgment until the latter part of 1936; that he transferred a part of the claim to his brother "orally" in the latter part of 1936. Now his attorney seeks to explain that the judgment was of no value, and consequently that its omission from the schedule is not a ground for denying a discharge, citing In re Carter, 2 Cir., 32 F.2d 186. But the proof that he made the alleged oral assignment to his brother of the whole or part of this judgment is not convincing, nor is it clear from the record that the judgment was worthless. The contention seems to be a belated excuse for the failure to include the judgment in the schedules. The specification is sustained.

██ It is then charged in the specifications of objection that the bankrupt failed to include in his schedules the name of Murray Cohen as a creditor for $2,000, secured by a part assignment of his claim against Harris Nevin. The record in respect to the status of this claim is not too clear. He lists among his creditors whose claims are unsecured, Murray E. Cohen, in the amount of $4,250; yet he testified that he made an oral assignment of part of the Nevin judgment to secure such claim. Technically, therefore, the schedules are incorrect and the oath attached thereto false, with no acceptable explanation given by the bankrupt. Accordingly, this specification must be sustained.

992

The same infirmity in the schedules attaches to his connection with the Busset Accounting & Service Company and the Motor Carrier Service Company, as charged in the fifth specification, which alleges that he failed to set forth his interest therein.

The sixth specification alleges that he made a false oath in that he failed to set forth in the schedules the ownership of a share of stock in the Nevin Company. The proof here fails because it appears that if at any time he had a bare legal title he had no equitable interest in the share of stock. The exception to the finding is sustained and the objection overruled.

The seventh specification of objection will be sustained so far as the charges of failure to reveal to the trustee the judgment in the sum of approximately $3,000 against Harris Nevin.

The report of the referee will be confirmed except as hereinabove noted. Settle order on notice.