### In re SCHWARTZMAN.

### No. 45511.

District Court, E. D. New York.

Nov. 25, 1944.

Louis P. Rosenberg, of Brooklyn, for bankrupt.

Frank Cucurullo, of Brooklyn (T. Robert Gabrielli, of New York City, of counsel), for objecting creditor.

MOSCOWITZ, District Judge.

This is a review of an order made by the referee in bankruptcy in charge of this proceeding in which he dismissed the specifications of objections and granted the discharge of the bankrupt.

The objecting creditor filed specifications 1, 2(a) and (b) and 3. Specifications 2(a) and (b) and 3 have been abandoned. Specification 1 is as follows:

"1. That the Bankrupt failed to keep and preserve books of account or records from which his financial condition and business transactions might be ascertained."

The order of the referee granting the discharge was before this court on a previous hearing. This court referred the matter back to the referee in bankruptcy for all purposes and to admit in evidence the bankrupt's income tax returns.

A bankrupt in seeking his discharge should make a full and frank disclosure. It is his duty to produce copies of his income tax returns and such may properly be received in evidence. A bankrupt cannot refuse to produce them upon the ground of privilege. Such income tax returns are open to the trustee and to the creditors.

Upon the rehearing before the referee, copies of income tax returns were produced by the bankrupt and were offered and received in evidence. A bankrupt who has not kept books or records from which his financial condition and business transactions might be ascertained is not entitled to discharge. See In re Collins, D.C., 45 F.Supp. 990; In re Low, D.C., 4 F.Supp. 766; Rosenberg v. Bloom, 9 Cir., 99 F.2d 249; In re Miller, D.C., 5 F.Supp. 913. There is a heavy burden upon the bankrupt to disclose all of his assets and to keep and maintain books or records from which his financial condition and business transactions might be ascertained and if a bankrupt wilfully refuses to produce such records he is not entitled to be discharged.

The referee's findings of fact should not be lightly disturbed. The ref-

eree has heard and observed the witnesses. There is evidence to sustain his findings. The order of the referee granting the discharge will not be disturbed.

Settle order on notice.