## In re ANDERSON.

### No. 28501.

District Court, W. D. New York.

Oct. 2, 1940.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y., for objecting creditor.

Layton H. Vogel, of Buffalo, N. Y., for bankrupt.

KNIGHT, District Judge.

The bankrupt seeks to review the decision of the Referee denying a discharge. Objections to a discharge are made on the ground that bankrupt had falsified "books of account or records, from which his financial condition and business transactions might be ascertained." Section 14, sub. c(2), Bankruptcy Act, 11 U.S.C.A. § 32, sub. c(2). In the earliest related transactions between the bankrupt and the objecting creditor (hereinafter called bank), the bankrupt from time to time assigned certain of his receivables to the bank to secure loans as made from time to time. After the continuance of this procedure for some time, it was arranged that the bankrupt keep a separate ledger of accounts assigned and that payments made upon the assigned accounts be deposited in a special account in the bank to be applied upon outstanding loans. It appears that at some time the bankrupt kept two so-called ledgers of accounts receivable, the one purporting to contain list of those assigned as security to the bank and the other purporting to contain all of the accounts receivable. Shortly prior to the filing of the petition in bankruptcy in 1938, the bankrupt was called upon by the bank to bring in a statement showing the status of his assigned receivables. The so-called ledger of accounts assigned was produced, and it then appeared that this ledger contained

nothing to show the amounts paid the bankrupt on the assigned accounts. It did show the amounts paid the bank out of the moneys received by the bankrupt upon these accounts. When this assigned accounts ledger was presented to the bank the bankrupt admitted that he had received something like $9,000 upon the assigned accounts which were not reflected in this ledger and which were applied by him to the payment of expenses of operation of his business. It is his claim that the ledger containing general accounts receivable included all of his receivables, that the purpose of the ledger containing the list of assigned receivables was to show the amounts paid to the bank, that the bank had knowledge that the payments as reflected in this ledger were the amount paid to the bank and that it was not intended that it should show the amounts paid from these receivables to the bankrupt.

 The rule of law is that findings of fact by the Referee based on conflicting evidence involving the credit of witnesses will not be disturbed on review, unless there is clear evidence of mistake or unless they clearly are against the weight of the evidence. The Referee in this case has found that the so-called ledger containing the assigned receivables was falsified. In my opinion the evidence is sufficient to sustain such finding.

 A further question must be considered. The bankrupt contends that the foregoing quoted section 14, sub. c(2), is not applicable where a specific transaction or individual creditor is involved; that this particular section was not intended to be applicable to a situation where through false records the bankrupt secured credit from an individual creditor. He cites to support this position International Shoe Co. v. Lewine, 5 Cir., 68 F.2d 517; Anderson v. Haddonfield Nat. Bank, 3 Cir., 94 F.2d 721; In re Underhill, 2 Cir., 82 F.2d 258; and In re Jaffe, D.C., 14 F.2d 558. Nothing is seen in the opinions in any of these cases which is an authority for this position. No case is called to attention in which the specific question has been decided. One test to the right of a discharge is the truthfulness of books of account in so far as they affect the question of determination of actual financial condition of the bankrupt. We can not say that Section 14, supra, does not apply where a single creditor is concerned any more than we can say the same thing where two or three

but not all are affected. Whether the bank had any knowledge that there was any ledger of general accounts receivable does not appear. The bankrupt here agreed to keep a certain book of accounts. In order to fulfill the purpose of such a book, it was necessary to show the sums paid the bankrupt upon these assigned accounts. Without this it is valueless as to the bank, because the bank had the assigned accounts and had knowledge of the amount paid upon them. The true financial condition of bankrupt was not shown by the ledger of assigned accounts. The beneficence granted by the bankruptcy law exacts on the part of the bankrupt honest dealing as to any or all creditors. As was said in the Underhill case, supra [82 F.2d 260]: "Complete disclosure is in every case a condition precedent to the granting of the discharge," and, as stated by the Referee, public interest is concerned with the honesty of the bankrupt in keeping his books of record. It is my opinion that the so-called ledger of assigned accounts is such a book or record as was intended to be included in the term "books of account or records" as used in Section 14, sub. c (2).

 The falsity of the ledger of assigned accounts is based by the Referee not alone upon this as a book of record but upon the fact that discrepancies between the two ledgers show that the former was knowingly falsified. The general ledger of accounts does not contain a list of all of the assigned accounts and certain of the assigned accounts are shown to be in different amounts in the two ledgers. Further, it appears, as I understand the record, that the ledger of general accounts in certain instances does not disclose the correct dates upon which payments were made thereon. This, however, is a matter of no moment in so far as the contention is made that Section 14, sub. c(2), supra, applies only in the case where more than a single creditor is affected. On the other hand, the fact that the two ledgers do not agree in certain respects is an important thing to be considered in connection with the position taken by the bankrupt.

 The bankrupt raises the question that the bank has not sustained the burden of proof imposed by law upon this. The evidence fully sustains the conclusion that it has and that the bankrupt after such showing has failed to carry the burden imposed upon him showing that the circum-

720

stances justified the making of the ledger of the assigned accounts in the form shown. Assuming the fact that the bank knew that he was depositing the receipts of the assigned receivables in a general deposit account in the bank, as claimed by him and checking from such account into the special account, it is not shown that the bank had any knowledge that receipts from assigned receivables were being withheld. On the question of burden of proof and of rules determining the question of the falsity of a book of account or record, attention may be called to Hedges v. Bushnell, 10 Cir., 106 F.2d 979; Rosenberg v. Bloom, 9 Cir., 99 F.2d 249; In re Underhill, supra; and the numerous cases therein cited.

The decision of the Referee is affirmed.