## In re ARNOLD.

(District Court, D. New Jersey.. December 3, 1915.)

1. BANKRUPTCY ⊙➞409—GROUNDS FOR REFUSING DISCHARGE—FAILURE TO KEEP BOOKS.

The natural result of the failure of a bankrupt to keep books showing his business transactions being to conceal his financial condition, such may be presumed to have been his intention; but the presumption is subject to rebuttal, and if the court is of the opinion, either from evidence or from the circumstances of the case, that he did not intend concealment, he should not be denied a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 739, 752–757; Dec. Dig. ⊙➞409.]

2. BANKRUPTCY ⊙➞414—GROUNDS FOR REFUSING DISCHARGE—FAILURE TO KEEP BOOKS.

A bankrupt was engaged in business as a building contractor in a small way for six months, during which time he built three small buildings, on which he worked himself; the only indebtedness contracted in so doing being to subcontractors, who were secured under the mechanic's lien law. *Held*, that under such circumstances his failure to keep books did not evidence an intention to conceal his financial condition, which should deprive him of his right to a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 720–722; Dec. Dig. ⊙➞414.]

In Bankruptcy. In the matter of Walter Arnold, bankrupt. On exceptions to and motion to confirm report of special master recommending discharge. Exceptions overruled, and discharge granted.

Howard H. Williams, of New York City, for trustee and objecting creditor.

De Meza & Crane, of Plainfield, N. J., for bankrupt.

HAIGHT, District Judge. The only specification of objections to the bankrupt's discharge which needs more than a passing consideration is that dealing with his failure to keep books of account or records. It would require a vivid imagination to conclude that payments of small sums from time to time, from wages, on account of overdue board bills, and payments to materialmen, who were secured by the mechanic's lien law of New Jersey, were made with intent to hinder, delay, or defraud the bankrupt's creditors. Nor can I find any such inconsistency in the bankrupt's testimony as to warrant a finding that he made a false oath in the bankruptcy proceedings.

[1] The bankrupt was in business for about six months as a building contractor, and during that time was engaged in executing three small building contracts, one of which was with his father. He admittedly kept no books of account whatever, except one in which he recorded the time on the various jobs. He had no bank account during the time that he was in business, and apparently the only records of indebtedness which he retained at all during that time were unpaid bills. Bills which were not paid in cash were apparently paid by his father's checks. Such work as he did not do himself on these contracts was performed by subcontractors. The latter gave him bids

in writing, which he accepted by letters. He kept no copy of the letters. The above constituted the only records to which resort could have been had for the purpose of ascertaining his financial condition. I will assume that from them alone such condition could not have been ascertained. The Bankruptcy Act (section 14b) provides that a bankrupt shall be refused a discharge if he has *"with intent to conceal his financial condition,* destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained." Comp. St. 1913, § 9598.

The important consideration is, therefore, whether the bankrupt's failure to keep books of account or more complete records was with an intent to conceal his financial condition. The natural and probable consequence of such failure would be to conceal his financial condition, for manifestly, if there were no books or records from which it could be ascertained, it would be concealed. The Circuit Court of Appeals of this circuit has recently held (In re Janavitz, 219 Fed. 876, 135 C. C. A. 546) in respect to this provision of the Bankruptcy Act that a bankrupt is properly chargeable with intending the natural and probable consequences of his own acts and omissions, but that testimony is competent to refute the presumption. No testimony was offered in this case to show why the books and more complete records were not kept, which would have been the most direct way to overcome the above-mentioned presumption. I do not think, however, that direct evidence is essential to overcome the presumption, but that if, in the absence of such evidence, the court, from all the facts and circumstances, is of the opinion that the bankrupt's failure to keep books and records was not with intent to conceal his financial condition, then a discharge should not be denied him.

[2] The bankrupt's business, as the special master found, was not such as would necessarily require him to keep books of account. In fact, it is very common for builders operating in country districts, on a small scale as this bankrupt was, not to keep books of account. The contracts which he had were small, he was in business for only a short time, and as to one of the contracts his only real financial connection was in respect to the labor on the carpenter work. As to the other contracts, the bids which he received from subcontractors constituted the extent of his pecuniary obligations, and as all such contractors were secured by the mechanic's lien law of New Jersey (Act June 14, 1898 [P. L. p. 538]), his financial condition would have been of little concern to them. The business which he conducted was of such a nature and so small in amount that I am convinced that his failure to keep books or more complete records was not with any intent to conceal his financial condition.

The master's report will accordingly be confirmed, and the bankrupt granted a discharge.