THOMPSON v. LAMB.

(Circuit Court of Appeals, Third Circuit. February 20, 1920. Rehearing Denied March 31, 1920.)

No. 2506.

1. BANKRUPTCY ⬅414(3)—DESTRUCTION OR CONCEALMENT OF BOOKS NOT ESTABLISHED BY NONPRODUCTION.

The bankrupt's failure to produce his books, when not attended by any inculpatory act or circumstance, does not in itself establish the destruction or concealment of the books, justifying the denial of a discharge, where his testimony and the circumstances of his business failure negative such inference.

2. BANKRUPTCY ⬅414(3)—EVIDENCE INSUFFICIENT TO SHOW THAT FAILURE TO KEEP BOOKS WAS WITH INTENT TO CONCEAL FINANCIAL CONDITION.

Evidence held insufficient to show that the failure of a bankrupt, who was a country butcher, to keep books of account showing his financial condition, was with intent to conceal such financial condition, so as to justify the denial of a discharge.

3. BANKRUPTCY ⬅414(1)—BANKRUPT CHARGED WITH INTENT TO CONCEAL FINANCIAL CONDITION IN FAILING TO KEEP BOOKS, BUT PRESUMPTION REBUTTABLE.

A bankrupt, failing to keep books showing his financial condition, is charged with intending the natural and probable consequences of such failure: but the presumption is rebuttable by evidence showing why he did not keep more complete books and records, or by evidence of his conduct and the circumstances preceding and attending his bankruptcy.

4. BANKRUPTCY ⬅414(3)—GROUNDS FOR DENIAL OF DISCHARGE MUST BE ESTABLISHED BY PREPONDERANCE OF EVIDENCE.

To defeat a bankrupt's discharge, one of the offenses specified in Bankruptcy Act, § 14b (U. S. Comp. St. § 9598), must be established by the objecting creditor by a fair preponderance of the evidence.

Appeal from the District Court of the United States for the District of New Jersey; J. Warren Davis, Judge.

In the matter of the bankruptcy of Samuel N. Lamb. From an order sustaining the report of the referee, dismissing objections to the bankrupt's discharge, the objecting creditor, Vinton N. Thompson, appeals. Affirmed.

Charles S. Thompson, of Philadelphia, Pa., for appellant.
Clifford R. Powell, of Mt. Holly, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WOOLLEY, Circuit Judge. The District Court sustained the report of a referee dismissing objections to the bankrupt's discharge, and the objecting creditor has appealed.

Of the many specifications of objection considered below, there are but three which require discussion here. These impute to the bankrupt three offenses, any one of which, if committed, bars his discharge. They charge, in the language of the statute, that the bankrupt

"has * * * with intent to conceal his financial condition, destroyed, concealed, [and] failed to keep books of account or records from which such condition might be ascertained."

We find no testimony which shows with any degree of certainty that the bankrupt "destroyed" his books of account. In cleaning up his affairs after his failure, it appears that the bankrupt caused one of his employés, in the presence of several persons, to burn various things, among which were papers. But it is not at all clear that in destroying these things, he destroyed or caused to be destroyed any books of account.

Nor is there convincing evidence that the bankrupt "concealed" his books. The evidence is that he did not produce some of them. For this, the bankrupt gave reasons satisfactory to the referee and the District Judge.

[1] The objecting creditor regards the prohibited act of destroying or concealing books of account as established by the inference arising from their nonproduction. But it has not been shown that the bankrupt's failure to produce his books was attended by any inculpatory act or circumstance. On the other hand, the testimony of the bankrupt, and the circumstances of his business failure, negative the inference relied upon.

[2] In the light of the testimony as to the manner and extent of his bookkeeping, we have little doubt that the bankrupt "failed to keep books of account" from which his financial condition could be ascertained.

The bankrupt had been a country butcher, buying meats very largely from local farmers and selling them to the local trade. He had kept a shop and had run one or two delivery wagons. Some sales were for cash and others were on credit. Cash sales and cash received from credit sales were entered in a cash book. Sales made on credit were entered in a book known as "McCaskey Register System," which, we surmise, is an informal bookkeeping arrangement whereby accounts are kept, and, when paid, are destroyed. However this may be, the bookkeeping of the bankrupt was of that primitive character which sometimes is found in country stores and which is employed for little else than to supplement the storekeeper's memory as to which of his customers are his debtors and what are the amounts of their debts.

The bankrupt turned over to the trustee the McCaskey Register System book, which contained his accounts collectable, believing, as he testified, that this book contained all that would be of use to the trustee in settling his estate. The other books and papers, he testified, disappeared, he knew not whither. These were the cash book

referred to, a memorandum of bills payable, check stubs and a file of bills. As these books, if produced, would, we think, shed very little light on the bankrupt's financial condition, the important considera-- tion is, whether the bankrupt kept his books in this loose fashion "with intent to conceal his financial condition." Such unlawful intent is an essential element of the statutory ground of objection and must concur with the prohibited act to create a bar to a discharge.

[3] The bankrupt is without doubt charged with intending the nat- ural and probable consequences of his acts and omissions. In re Janavitz (C. C. A. 3d), 219 Fed. 876, 135 C. C. A. 546; In re Arnold (D. C. N. J.) 228 Fed. 75. But the presumption on which this charge is based is rebuttable, either by evidence showing why the bankrupt did not keep more complete books and records or by evidence of the bankrupt's conduct and of the circumstances preceding and attending his bankruptcy. We think the presumption has been rebutted by the evidence in this case. While the bankrupt's lack of method in keeping books of account justified this inquiry into his purpose, we cannot find that it was pursued by him with intent to cover up his financial con- dition.

[4] The Bankruptcy Act (section 14b [Comp. St. § 9598]) con- fers upon a bankrupt the right to a discharge unless he has committed one of the offenses therein specified, established by an objecting credi- tor on a fair preponderance of the evidence. The referee and like- wise the District Judge have found that the objecting creditor has not sustained this burden. The evidence, which is in some degree conflicting, is not such as to warrant us in disturbing their findings. Epstein v. Steinfeld (C. C. A. 3d) 210 Fed. 236, 127 C. C. A. 54; Rosenberg v. Semple (C. C. A. 3d) 257 Fed. 72, —— C. C. A. ——.

The order of the District Court is affirmed.