### McCUTCHEON et al. v. TOWNLEY et al.

(Circuit Court of Appeals, Eighth Circuit. August 23, 1920.)

No. 5428.

Bankruptcy ⟬⟭414(3)—Mere grounds for suspicion of concealment of assets will not prevent discharge.

Evidence that the bankrupt had a large measure of control over a corporation which owned two newspapers and was formed by the Non-Partisan League to protect the members from individual liability, and which at most raised a suspicion that the bankrupt had a proprietary interest in the corporation, is insufficient to prevent his discharge in bankruptcy for failure to schedule his interest in the corporation as part of his assets.

Appeal from the District Court of the United States for the District of North Dakota; Charles F. Amidon, Judge.

Voluntary proceedings in bankruptcy by A. C. Townley and others. From an order discharging the bankrupts, E. D. McCutcheon, as trustee, and a creditor, appeal. Affirmed.

Francis Murphy, of Minot, N. D., for appellants.

James Manahan, of St. Paul, Minn. (William Lemke, of Fargo, N. D., on the brief), for appellees.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

HOOK, Circuit Judge. This is an appeal by a trustee in bankruptcy and a creditor from an order discharging a bankrupt.

A. C. Townley and a partnership of which he was a member were adjudged bankrupt September 28, 1917, on their voluntary petition. He scheduled individually a large amount of debts and a small amount of assets; the latter being claimed as exempt. Objections to his discharge were made upon the ground that he had hidden assets and had

---

⟬⟭For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

made false oath about them. The question at the trial was whether he had a proprietary interest in a concern known as the Non-Partisan Publishing Company, and through it of two newspapers—the Non-Partisan Leader and the Courier-News. The trial court found that the Publishing Company was an agency of the Non-Partisan League, established with the idea of saving the members of the League from individual liability for financial results, and that the bankrupt had no proprietary interest.

The court was right. The issue being purely one of fact, it would not be useful to extend this opinion by a review of the voluminous record of the trial. At the most there was but a suspicion, rather strong, but not reaching the quality of proof, that he owned the properties and funds. It was due to an uncommon situation and the very large measure of control intrusted to the bankrupt.

The order is affirmed.