## PACIFIC COAST PAPER CO. v. SHIBLEY.
### No. 6408.

Circuit Court of Appeals, Ninth Circuit.
June 15, 1931.

Ernest J. Torregano and Arthur P. Shapro, both of San Francisco, Cal., for appellant.

Soren X. Christensen and Leon J. Dugan, both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This is an appeal from an order discharging the bankrupt. A number of specifications of objection to the discharge were filed. Superficially they are, that the bankrupt failed to explain satisfactorily losses of assets; that he failed to keep books of account or

records from which his financial condition and business transactions might be ascertained; that "said bankrupt, subsequent to the first day of the twelve months preceding the filing of his petition, transferred, removed, destroyed or concealed, certain property of which he was the owner, and with intent to hinder, delay or defraud his creditors"; that he committed an offense punishable by imprisonment, in that, after his adjudication in bankruptcy, he (a) entered into an unlawful conspiracy to conceal, destroy, and mutilate or falsify books, documents, or records affecting or relating to his property or affairs, with the intent and purpose of defrauding his creditors of certain moneys due him from the Amore College; (b) after the filing of the petition in bankruptcy, he withheld from the trustees certain books, documents, or papers affecting or relating to his property or affairs; (c) that he and one Livingston, pursuant to an unlawful conspiracy, concealed from the trustee property belonging to the estate of the bankrupt, to wit, the sum of $4,000 collected from Amore College by Livingston during the pendency of the bankruptcy proceedings; and (d) that he made a false oath in the bankruptcy proceedings, in that his schedule of assets and liabilities did not contain a true statement thereof, but that the statements in reference to the nature and amount of the claims of the American Type Founders Company and Intertype Corporation were knowingly and fraudulently false.

The specifications of opposition to the discharge were referred to a special master, who, after hearing all of the evidence, filed a report in which he found specifically against each and every objection, and in favor of the bankrupt.

While we are bound by the findings of the special master, and especially when indorsed by the District Court, unless it is palpably apparent that they erred, the court has, however, carefully examined the entire record and found nothing which would warrant setting aside any finding of the special master, approved by the District Court. There is nothing in the record to indicate that there was any unlawful conduct with relation to the Amore College account, or any of the accounts, or that anything was done by the bankrupt or Livingston with a view of keeping any assets from the bankrupt estate, or showing bad faith; and fraud is never presumed. Nor was the estate injured. Whatever was done with relation to the Amore College matter was done in furtherance of agreement with the trustees with a view to disposition of the assets of the estate. Livingston was appointed receiver at the request of "some of the principal creditors" until the trustees were elected. Livingston operated the plant for the trustees, and it was admitted at bar that his conduct of the business was above criticism.

Affirmed.