## LODI TRUST CO. v. COHN.

### No. 7120.

Circuit Court of Appeals, Third Circuit.

Nov. 27, 1939.

Gross & Blumberg (by Leo Blumberg), of Newark, N. J. (Milton H. Goldberger, of Newark, N. J., on the brief), for appellant.

L. Stanley Ford, of Hackensack, N. J., for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

### PER CURIAM.

Objections to the bankrupt's application for discharge were referred to the Referee. From "an examination of the briefs and voluminous testimony" which had been taken from time to time throughout the bankruptcy and which had been formally reoffered and received in evidence without exception at the hearing on the objections, the Referee found that the bankrupt was without any estate; that he had not concealed either assets or records; and that "the absence of records is explained and

justified by the circumstances." Accordingly, the Referee entered an order granting the bankrupt his discharge. The creditor, which had originally filed the objections, thereupon abandoned the contest but a lately ascertained creditor was prompted to petition for a review of the Referee's order.

As there was ample evidence to sustain the Referee's findings and conclusion, the court below properly dismissed the appellant creditor's petition for review and approved and affirmed the order of the Referee granting the discharge. Southern Pine Co. v. Savannah Trust Co., 5 Cir., 141 F. 802.

Notwithstanding the burden was upon the objecting creditors to establish the facts necessary to prevent the bankrupt's discharge (Spies v. Sytsma, 8 Cir., 56 F.2d 520, 522), they failed to offer any evidence in support of their objections but relied on inferences drawn from the testimony which had been taken before the Referee in examinations of the bankrupt prior to the filing of the objections. Any such inferences unfavorable to the bankrupt were found by the Referee, from the bankrupt's testimony as a whole, to have been answered satisfactorily. The burden was never shifted by any showing on the part of the objectors, as in Rosenberg v. Bloom et al., 9 Cir., 99 F.2d 249-251, cited and relied upon by the appellant.

Nowhere in the record is there apparent either the abuse of discretion or mistake of law which would call for reversal.

The order of the District Court is therefore affirmed.