## In re LIEBERMAN.
## In re SEITEL.

District Court, S. D. New York.
Jan. 15, 1940.

Samuel Wm. Smith, of New York City (Albert Mandel, of New York City, of counsel), for bankrupts.

Arthur L. Newman II, of New York City (Herbert E. Kaufman, of New York City, of counsel), for objecting creditor.

HULBERT, District Judge.

Separate petitions to review separate orders denying application of each bankrupt for a discharge denied and orders affirmed.

The bankrupts, brothers-in-law, conducted a butcher shop for several years at 391 Amsterdam Avenue, Borough of Manhattan, New York City. The business was operated on a cash basis. The gross sales at the lowest possible sum estimated by the bankrupts amounted to $20,000 per annum. On March 1, 1939, the bankrupts abandoned the business, closed the store and sent the keys to the mortgagee to enable him to repossess the chattels. Within a week thereafter another butcher shop was opened under the name of L. & S. Meat Market, concededly operated by the bankrupts, who, however, denied that it was for their own account.

Separate orders of adjudication were followed by an order of reference to Referee in Bankruptcy Olney in the case of Max Seitel and to Referee in Bankruptcy Kurtz in the case of Sam Lieberman. Hearings upon specifications of objections to discharge were, by consent, heard by the Referees, sitting together.

The specifications alleging false oaths by the bankrupts with respect to their interest in the new butcher shop were held not to have been proven. The specifications sustained concern a book alleged to have been kept by the bankrupts and their failure to preserve it. Before bankruptcy it had been testified in proceedings supplementary to execution upon a judgment recovered against the bankrupts that they had kept no books. Upon a hearing before the Referees it was testified that a book was kept in which the amount of daily purchases of meat was entered, together with the difference between that sum and the total sales—profit or loss. The book was not produced. It was claimed that it was last seen when the store was closed and the keys were sent to the mortgagee. The Referees found there was such a book but that it was kept in such a manner that bankrupts' financial condition could not have been ascertained if the book had been produced, and that failure to preserve it had not been satisfactorily explained.

Of course it is not necessary that bankrupts should keep any particular kind of books according to any set mode or system of bookkeeping. In re Simon, D. C., 201 F. 1004. Necessarily each case depends upon its own facts which, in each of these cases, amply sustain the findings of the Referee.

The Chandler Act amended the National Bankruptcy Act Sec. 32, sub. b(2) of Title 11 U.S.C.A., so that Section 14, sub. c(2), 11 U.S.C.A. § 32, sub. c(2), reads: "* * failed to keep or *preserve* books of account or records." (italics for emphasis).

When Congress added the words "or preserve", it was evidently intended that in addition to showing that adequate accounts had been kept, a bankrupt, as a condition to his discharge, will be required to produce his original books and records for his creditors' inspection. Clearly an alleged loss or destruction is not a discharge of this duty unless it is shown to have resulted from a cause which would justify the conclusion that a bankrupt's failure to produce the books and records was not the result of his own neglect. Here the bankrupts' explanation was their mental upset at losing their business. Referee Olney said (and Referee Kurtz concurred): "To hold that such a mental state of mind was a justification would open the door to results which were never contemplated by Congress in Section 14, subdivision c(2)."

I find no error which would justify a reversal of the order of the Referee in either case.