## In re MILNE.

District Court, D. New Jersey.
July 29, 1941.

Prince & Loeb and Sidney J. Loeb, all of New York City, for petitioner.

McDermott, Enright & Carpenter and Samuel M. Coombs, Jr., of Jersey City, N. J., for bankrupt.

SMITH, District Judge.

This matter is before the court at this time on a petition for review, filed by Terese N. Harris (surviving partner of Sydeman Brothers), a creditor. The petitioner seeks a review of the discharge of the bankrupt.

The petition in bankruptcy was filed and the adjudication entered thereon on January 15, 1937. Pursuant to the provisions of the Bankruptcy Act, Section 21, sub. a, 11 U.S.C.A. § 44, sub. a, the usual hearings were conducted. Thereafter, on April 6, 1939, after hearing, and over the objection of the petitioner, an order of discharge was entered by the referee in bankruptcy.

The specifications of objection urged by the petitioner, without repeating the details thereof, were: (1) the concealment of books of account and records from which the bankrupt's financial condition and business transactions might be ascertained; (2) the transfer of property, with intent to defraud creditors; and, (3) the commission of offenses punishable by imprisonment, to wit, false swearing and concealment of assets. The referee found that the specifications had not been sustained, and he thereupon ordered that the bankrupt be discharged.

The questions presented for determination are primarily factual, and the Court, therefore, has considered, not only the findings of the referee, but all of the testimony, transcripts of which were submitted with his certificate. The recital in extenso of the testimony is unnecessary. There are repeated herein only such facts as are pertinent to the discussion.

The bankrupt, prior to 1934, had been a member of the New York Commodity Exchange and had been engaged as a broker in the buying and selling of rubber futures. It may be reasonably inferred from all of the testimony that during the period between 1929 and 1934 his business, like that of many others similarly engaged, had rapidly declined, so that in 1935, if not prior thereto, he was hopelessly insolvent. Evidence of this is found, not only in the bankrupt's testimony, but in his schedules, wherein we find listed debts he had contracted between 1933 and 1935, but none that he had contracted prior thereto; the debts incurred thereafter are small. The bankrupt's business failure had been followed in 1934 by his suspension from the New York Commodity Exchange. This membership had been, undoubtedly, a most valuable asset, and he would not have had willfully suffered its loss if he had been in a position to avoid it. The bankrupt's financial disaster had been followed by the abandonment of his bank accounts and the willful destruction of his books of account and records.

The petitioner proved the destruction of the books and records by the testimony of the bankrupt, who readily admitted it. The burden was then upon the bankrupt to prove by a fair preponderance of evidence that his act was justified. 11 U.S.C.A. § 32; Nix v. Sternberg, 8 Cir., 38 F.2d 611; Karger v. Sandler, 2 Cir., 62 F.2d 80; In re Underhill, 2 Cir., 82 F.2d 258; Koufman v. Sheinwald, 1 Cir., 83 F. 2d 977; Rosenberg v. Bloom, et al., 9 Cir., 99 F.2d 249; Hedges v. Bushnell, 10 Cir., 106 F.2d 979. The determination of this issue must necessarily rest upon all the facts and circumstances, in the light of which the bankrupt's explanation must be considered. Rosenberg v. Bloom, Hedges v. Bushnell, both supra. There is ordinarily a requirement that books of account and records be preserved so that there may be a complete disclosure of the bankrupt's financial condition and business transactions. It necessarily follows, therefore, that the destruction of such books and records, if without justification, will pre-

clude the bankrupt's discharge. It has been indicated, however, in some cases that this fact alone shall not bar the discharge if the destruction of the books of account and records does not affect the ability of the creditors to ascertain the bankrupt's financial condition and business transactions. Karger v. Sandler, In re Underhill, both supra.

It is to be noted in the instant case that the abandonment of bank accounts and the destruction of records had taken place approximately two years prior to the bankruptcy, and at a time when the bankruptcy had apparently not been contemplated. The bankrupt explained that he had destroyed the records at that time because he had discontinued business and was seeking employment. He further explained that the bank accounts had been abandoned because he had been without funds, and the business records had been destroyed because they had reflected only his indebtedness to others; there had been none indebted to him. It does not appear that the destruction of the records had been accompanied by any fraudulent intent or surrounded by any inculpatory circumstances. The Court can easily understand why the bankrupt, obviously discouraged by the loss of his business, had pursued the course that he had. The explanation in the absence of contradictory evidence of a more persuasive character should be accepted.

The specification of false swearing, although indefinite and insufficient, has been considered. A careful examination of the entire record fails to reveal any testimony to sustain it. Such a specification may be sustained only by competent proof that the bankrupt knowingly and fraudulently misrepresented a fact material to the issue under inquiry. Humphries v. Nalley, 5 Cir., 269 F. 607; In re Slocum, 2 Cir., 22 F.2d 282; Hanover-Capital Trust Co. v. Meyer, 3 Cir., 57 F.2d 815; Sharcoff v. Schieffelin & Co., 2 Cir., 70 F.2d 725; Willoughby v. Jamison, 8 Cir., 103 F.2d 821. The required proof was lacking.

The bankrupt, at the time the petition in bankruptcy was filed, was, and had been for approximately eighteen months prior thereto, employed by the Gordon Milne Rubber Company, a corporation bearing his name, which had been organized in May, 1935, by one Dennis Lucey, a former employee, and one Grace Stebbins, a friend and former customer, both of whom testified at the hearings. It was manifest from their testimony that the venture had been financed by them and not the bankrupt, and that the initial investment had not exceeded one thousand dollars. The enterprise, while productive of some profits, had never been too prosperous; the evidence clearly indicated that it had afforded a living to the bankrupt and Lucey, and some small return to Stebbins, who were and had been the only employees. It clearly appeared, and, in fact, was not disputed, that the bankrupt, as general manager, had generally administered the business and had acquired the major accounts. The witness Stebbins readily admitted that she, aware of the bankrupt's financial condition, but confident of his ability, had organized the corporation in order to avail herself of the latter.

It appears from the record that the actual controversy centered about the corporation. It was this enterprise upon which the petitioner predicated the specifications that the bankrupt concealed assets and had transferred property in fraud of creditors. The petitioner vigorously contended that the corporation was, in fact, the bankrupt's alter ego, and, that at the time of its organization he had transferred his property to it. These contentions, despite the vigor with which they were argued, were not supported by the testimony. The only witnesses called by the petitioner were the bankrupt, Lucey, and Stebbins, and their testimony, if believed, refuted the specifications in their entirety.

There were many suspicious circumstances which demanded investigation. Exhaustive inquiry, however, failed to produce sufficient evidence to warrant a denial of the discharge. The petitioner's case rested entirely upon the testimony of the bankrupt, Lucey, and Stebbins, and when their testimony is considered, even in the light most favorable to the petitioner, the suspicions seem to have disappeared. Assuming, however, for the purposes of this discussion that their testimony strengthened the suspicions, they would not be sufficient to prevent the discharge. In re Cohen, 2 Cir., 206 F. 457; In re Miller, 2 Cir., 212 F. 920; McCutcheon, et al. v. Townley, et al., 8 Cir., 266 F. 985.

The right to a discharge is statutory. The Bankruptcy Act, Section 14, sub. c, 11 U.S.C.A. § 32, sub. c, provides

92

that the bankrupt shall be granted his discharge, unless upon inquiry it appears that he has committed one or more of the offenses therein condemned. In re Lally, D. C., 255 F. 358; Thompson v. Lamb, 3 Cir., 263 F. 61; Spies v. Sytsma, 8 Cir., 56 F.2d 520; Willoughby v. Jamison, 8 Cir., 103 F.2d 821; In re Masor, 7 Cir., 117 F.2d 368. The burden is upon the creditor objecting thereto to prove by a fair preponderance of evidence that there are reasonable grounds for believing that the bankrupt has committed one or more of the offenses, which, under the statute, would preclude his discharge. In re Garrity, 2 Cir., 247 F. 310; In re Gottlieb, 2 Cir., 262 F. 730; In re Merritt, 9 Cir., 28. F.2d 679; In re Smatlak, et al., 7 Cir., 99 F.2d 687, and other cases hereinabove cited. It is the opinion of the Court that in the immediate case the petitioner has failed to sustain the burden of proof.

The referee in bankruptcy, having heard the testimony and observed the witnesses, was in a better position than is the Court to determine the factual issues. While his findings are not conclusive, they are presumptively correct and should not be disturbed in the absence of manifest error. In re Lally, D.C., 255 F. 358; In re Slocum, 2 Cir., 22 F.2d 282; Pacific Coast Paper Co. v. Shibley, 9 Cir., 50 F.2d 1064; In re Duvall, et al., 7 Cir., 103 F. 2d 653; In re Gustav Schaefer Co., 6 Cir., 103 F.2d 237; Lodi Trust Co. v. Cohn, 3 Cir., 108 F.2d 26.

The order of discharge is affirmed.