## In re WILLIAMS.
### No. 22121.

District Court, E. D. Pennsylvania.
June 8, 1946.

Edward A. Hosey, Jr., of Philadelphia, Pa., for bankrupt.

A. Samuel Buchman, of Philadelphia, Pa., for creditors and trustee in bankruptcy.

KALODNER, District Judge.

Eight specifications of objections to bankrupt's discharge were filed. The Referee dismissed 7 of these specifications but sustained one—the 5th specification.

The Referee's finding, which is the subject of this Review, is as follows:

"The 5th specification of objection is sustained in that the Referee finds that the bankrupt failed to 'preserve' certain books of account and records, to wit, records of accounts receivable and accounts payable of milk purchases, cancelled checks and check book stubs, covering the period February 1st, 1941 to June 1, 1942." (Page 38 of Record).

The bankrupt was engaged in the milk distributing business with offices at 4209–11 Germantown Avenue, Philadelphia, Pennsylvania, from February, 1941, until June,

1942, when he ceased operations following a constable's levy on his premises.

The Referee found as a fact that the bankrupt had "employed successively two bookkeepers and a firm of accountants" (Page 25 of the Record) and that "the records kept in the operation of the business were such as should be kept in a business of like size and character" (Page 28 of the Record).

The Referee further found that when the levy was made the bankrupt's books and records were in the bankrupt's place of business—that the bankrupt left the premises when the levy was made and that subsequently the keys to the premises were delivered to the Receiver when the bankruptcy was instituted on September 1, 1942.

The Referee further found that "during the period therefore, from and after early June, 1942, the bankrupt made no effort to retrieve the records left at the Germantown premises" (Pages 28, 29 of the Record).

On November 23, 1942, the records were delivered by the attorney for the bankrupt to the Receiver but certain ledger sheets were missing. The Referee found however (Page 28 of the Record) that:

"The Referee is furthermore of the opinion that a bar of discharge is not justified by the fact that a few records were missing at the time that the Receiver and Trustee took over."

On the facts as stated the Referee ruled that the bankrupt had failed to "preserve" his records in accordance with the requirements of the Bankruptcy Act and for that reason sustained the 5th specification of objection and refused to grant the bankrupt's discharge.

I am of the opinion that the Referee erred.

Section 14, sub. c, of the Bankruptcy Act of 1938, 11 U.S.C.A. § 32, sub. c, provides as follows:

"The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business trans-

actions might be ascertained, unless the court deems such acts or failure would have been justified under all the circumstances."

█ It is true that the words "or preserve" were added in the Chandler Act to the prior regulation but "the addition of the words 'or preserve' merely restates what had previously been included, by judicial definition, in the word 'keep.'" Collier on Bankruptcy, 14th Ed., Vol. 1, page 1325.

It is clear from the Referee's opinion that he construed the word "preserve" to mean "retrieve." He found that it was the duty of the bankrupt to "retrieve" the alleged missing records between the time of the constable's levy in June, 1942, and the appointment of the Receiver in September, 1942.

█ Apart from the error committed by the Referee in his construction of the word "preserve" it is plain to see that the bankrupt could not as a matter of law have demanded from the constable the return of the books or any of the contents on the premises levied upon.

The record is bare of a single shred of evidence that the bankrupt's failure to produce his books and records was the result of his own fault or neglect or that he removed or concealed any of the records. Additionally, as previously stated, the Referee found that "A bar of discharge is not justified by the fact that a few records were missing."

█ The applicable rule was well-settled in Re Lieberman, D.C., 31 F. Supp. 87, 88 as follows:

"The Chandler Act amended the National Bankruptcy Act Sec. 32 sub. b(2) of Title 11 U.S.C.A., so that Section 14, sub. c(2), 11 U.S.C.A. § 32, sub. c(2) reads: '* * * failed to keep *or preserve* books of account or records.' (Italics for emphasis.)

"When Congress added the words 'or preserve', it was evidently intended that in addition to showing that adequate accounts had been kept, a bankrupt, as a condition to his discharge, will be required to produce his original books and records for his creditors' inspection. *Clearly an*

*alleged loss or destruction is not a discharge of this duty unless it is shown to have resulted from a cause which would justify the conclusion that a bankrupt's failure to produce the books and records was not the result of his own neglect. * * *"* (Emphasis supplied)

The Record does not warrant the finding that the bankrupt failed to take such steps as ordinary fair dealing and common caution dictated to enable his creditors to learn what the bankrupt did with his estate.

For the reasons stated the Orders of the Referee denying the discharge of the bankrupt and sustaining the 5th specification are reversed and the Referee is directed to enter an Order of Discharge in accordance with this Opinion.