### In the Matter of Arthur Raymond TUCKER, Bankrupt.

### No. 73-112-BK-CA-H.

United States District Court,
S. D. Florida.

Aug. 18, 1975.

Ferrero, Middlebrooks & Houston, Ft. Lauderdale, Fla., for American National Bank of Jacksonville, respondent.

Brigham & Brigham, Miami, Fla., for bankrupt.

### MEMORANDUM OPINION

ATKINS, District Judge.

This matter came before the Court on a second appeal from findings of the bankruptcy judge wherein the bankrupt, Arthur Raymond Tucker, was denied a discharge in bankruptcy.

A petition in bankruptcy was filed and pursuant to the provisions of the Bankruptcy Act, § 21(a), Title 11, United States Code, § 44(a), the usual hearings were conducted. The Trustee in Bankruptcy did not offer any objections to the discharge, but the American Nation-

16. GAF claimed *in its brief* that a cause of action has been stated for misappropriation of a trade secret.

al Bank, appellee, filed two specifications of Objection to Discharge on August 9, 1973. On August 17, 1973, Tucker was examined in accordance with the provisions of Section 21B of the Bankruptcy Act. A hearing was held in reference to the Objection to Discharge at which the parties submitted their evidence and argument. Both parties relied heavily on the 21B examination to prove their cases. The trial court entered its Order on Discharge denying the discharge on March 5, 1974. Tucker took an appeal from the Trial Court's order to this Court on the sole issue of whether or not the burden of proof provisions of Rule 407, Amended Bankruptcy Rules, had been properly applied.

After examining the record this Court reversed the Bankruptcy Court on the basis that Rule 407 removed the "burden shifting" provision of Section 14(c) of the Bankruptcy Act. Title 11, United States Code, § 32(c), and placed it at all times upon the objecting creditor. The cause was remanded to the Bankruptcy Court with instructions to reopen the case and allow the parties an opportunity to supplement the evidence. At the subsequent hearing the parties did not submit new evidence, but elected to stand on the record. The trial Court again took the matter under advisement and on November 13, 1974, entered its order denying discharge. This appeal followed.

The issue on appeal remains the same as the issue at the prior appeal; did the bankruptcy judge apply Rule 407's burden of proof provision correctly? After examining the record before the Court and hearing argument, this Court determines that the bankruptcy judge erred and that the decision below must be reversed.

Over the years the bankrupt was involved in a number of businesses. His last efforts prior to the filing of his petition for discharge in bankruptcy involved various aircraft companies. His largest creditor was the American National Bank, a secured creditor which loaned substantial sums of money to Tucker over the years and maintained a security interest on the airplanes which Tucker purchased. The bank was the only objector to the discharge and relied on its specification of objection relating to the bankrupt's failure to preserve his books and records throughout these proceedings.[1]

[1] The case law dealing with the "preservations" of records is scant. There is only one case in which a definition is given and that case holds that preserving records is equivalent to the proper keeping of records. *In Re Williams*, 66 F.Supp. 157 (E.D.Pa.1946). The facts are strikingly similar to those at bar. Therein a referee also refused to grant discharge for failure to "preserve" books of account. There, too, operation of the bankrupt's business ceased "following a constable's levy on his premises." In both cases the bankrupts had made and kept records and had stored the records in their places of business whereon levies were made. In both cases the bankrupts made no effort to retrieve the records after levy. This Court adopts the determination of the *Williams's* Court that the addition of a requirement to "preserve" records by amendment to the Bankruptcy Act in 1938 merely restated the prior requirement to "keep" records. There is no duty on the bankrupt to retrieve records after levy.[2]

This finding is bolstered by the fact that there is nothing in the record to

---

1. "The Bankrupt has failed to maintain and preserve books and records from which financial conditions and business transactions could be ascertained . . . ."

2. There is authority for the proposition that destruction of records is not an absolute bar to discharge; *See e. g., In Re Rios*, 27 F. Supp. 744 (S.D.N.Y.1939) ; but only destruction without justification, *In Re Milne*, 40 F.Supp. 89 (D.C.D.N.J.1941)

show that the Bankrupt's books of account and records were necessary to determine his financial status when he filed his petition for discharge. The bank had access to the voluminous records of the bankrupt during the entire period of their acquaintance and made use of those records in questioning Tucker at the 21B Examination. The bank's knowledge of the bankrupt's affairs surpassed his own rememberance.

A bankrupt is not to be denied a discharge on general equitable considerations. It can only be denied if one or more of the statutory grounds of objection are proved. 1 Collier, Bankruptcy 1254, ¶ 14.02(1); *Dixon v. Lowe,* 177 F.2d 807 (10 Cir. 1949); *In re Pinkston,* 93 F.Supp. 942 (N.D. Tex.1950).

██ With the burden of proof on the objecting creditor under Amended Rule 407, it was necessary for the bank to show more than the absence of records at the time of the petition. The record shows that there was no prejudice to the objecting creditor, American National Bank, by the loss of Tucker's records before the petition for discharge was filed. Herein the bankrupt sustained the burden that would have been his if the amendment were not in effect. It appears that throughout these proceedings he has been forced to carry a burden that properly belonged to the objecting creditor. Because one of the purposes of the Bankruptcy Act is "to relieve an honest debtor of the oppression of his debts when he has surrendered all of his property to be converted into cash for distribution among his creditors," the reasons for denying a bankrupt his discharge must be real and substantial. *Dilworth v. Boothe,* 69 F.2d 621, 624 (5 Cir. 1934). Real and substantial reasons and a showing of prejudice to the objector are absent herein. Thus, fulfillment of the prophalactic purpose of the Bankruptcy Act requires that the trial court be reversed and the Bankrupt be granted discharge.