In the Matter of Charles Norbert LeFEBVRE, Bankrupt.

James FRANKLAND, Jr., as Trustee of the Employee Profit Sharing Trust of Frankland Racing Equipment, Inc., Plaintiff,

v.

Charles Norbert LeFEBVRE, Defendant.

Bankruptcy No. 77–915–T.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 26, 1979.

Albert I. Gordon, Tampa, Fla., for plaintiff.

Stephen G. Beneke, Clearwater, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION ON OBJECTION TO DISCHARGE

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is a contested discharge proceeding initiated by the plaintiff, James Frankland, Jr., as trustee of the Employee Profit-Sharing Trust of Frankland Racing Equipment, Inc., against the bankrupt, Charles Norbert LeFebvre. The bankrupt's right to a discharge is challenged by the plaintiff on the basis that the bankrupt failed to keep adequate books or records from which his financial condition could be ascertained and, therefore, the plaintiff contends the bankrupt should be denied his discharge by virtue of Section 14c(2) of the Bankruptcy Act.

This Court, having considered the record and the evidence presented at the final evidentiary hearing now finds and concludes the following:

The bankrupt is a college graduate with an undergraduate degree in accounting, and took post-graduate courses in accounting and finance. Prior to the filing of the bankruptcy petition, the bankrupt was a stockholder and principal in a number of corporations which dealt with investments and pension plans and he was also a partner in a number of business ventures. In addition, the bankrupt created a "Clifford Trust" with his daughter as beneficiary and that the trust property consisted of an office building in Clearwater, Florida. The schedules reflect that the bankrupt owned property together with another man in North Carolina and, at one time, he owned a number of boats ranging from a small Hobie Cat sailboat to a 34' Morgan sailboat, all of which were disposed of prior to the bankruptcy. For the year 1975, his income was $25,000, but the bankrupt had no books or records available from which his financial condition and business transactions might be ascertained. In answering this challenge the bankrupt's sole defense is that the books and records were surren-

dered to the divorce court and were never returned. Further, it is without dispute that the bankrupt has not filed Federal Income Tax Returns from the year 1969 to the present date and did not have sufficient records from which to file such income tax returns.

Discharges in Bankruptcy are governed generally by Sec. 14 of the Bankruptcy Act. Sec. 14c(2) provides in pertinent part:

"The Court shall grant the discharge unless satisfied that the bankrupt has . . . (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition[s] and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case."

█ Prior to the adoption of the Bankruptcy Rules, the burden of proof in a contested discharge proceeding was also governed by Section 14c of the Bankruptcy Act which provides:

" . . . That if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the Court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision, would prevent his discharge in bankruptcy, then the burden of providing that he has not committed any of such acts shall be upon the bankrupt."

This provision has been interpreted to shift the ultimate burden of persuasion, not just the burden of going forward with the evidence, to the bankrupt, once the objector has established a prima facie case that the bankrupt is not entitled to a discharge. *In Re Finn*, 119 F.2d 656 (3rd Cir. 1941); *In Re Melnick*, 360 F.2d 918 (2d Cir. 1966); *Feldenstien v. Radio Distributing Co.*, 323 F.2d 892 (6th Cir. 1963); *Johnson v. Bockman*, 282 F.2d 544 (10th Cir. 1960). Thus in *Gunzberg v. Johannesen*, 300 F.2d 40 (5th Cir. 1962), the Court stated that:

This is more than the burden of going forward with the evidence. For " * * * the bankrupt now has the risk of ultimately persuading the court that the allegations in the specifications are untrue."

However, Bankruptcy Rule 407 which became effective on October 1, 1973, now provides as follows:

"At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the facts essential to his objection."

In interpreting this Rule, the Advisory Committee Note to Rule 407 specifically states: "The rule supercedes the proviso at the end of § 14c of the Act." The cases which have considered the effect of Rule 407 on the proviso have held that the bankruptcy judge must allocate the burden of persuasion in accordance with Rule 407, see e. g. *In re Martin*, 554 F.2d 55 (2d Cir. 1977); *In re Tucker*, 399 F.Supp. 660 (S.D. Fla.1975).

It has been suggested that this Rule has a limited application to Sec. 14c(2) of the Bankruptcy Act; 12 *Colliers on Bankruptcy*, Sec. 407.3 (14th Ed.1978). The soundness of the reasoning of Collier's appears to be valid especially when one considers the basic philosophy of the Bankruptcy Act which is to grant a discharge only to honest debtors. It was always true that one would accept that a financially distressed debtor must "come clean" and must substantiate, with documents of his business activities, if he had any, the underlying basis of his or her financial demise. In addition, to place the burden on the objecting party to establish that the failure to keep books and records was not justified under the circumstances would require proof of the negative which is always difficult, if not impossible, but especially when all the proof is usually within the exclusive control of the bankrupt.

This Court, through extensive research, has been unable to find a case squarely on point, but the case of *In re Decker*, 5 Bankr. Ct.Dec. 101 (3d Cir. 1979), intimates that Rule 407 applies to the issue of justification. However, it must be noted that the case was not decided on this point at all, as the Court bypassed the issue by finding that

the bankrupt had made no attempt to invoke the justification provision but rather had contended that his books and records were sufficient to entitle him to a discharge.

This Court is of the opinion that there can be no hard and fast rule and whether or not justification has been established would entirely depend on the circumstances of the particular case. While the ultimate burden of persuasion remains with the objector, this does not mean that the bankrupt is permitted to stand mute and remain silent if he has no books and records for there must be some evidence which would warrant a finding that the absence of books and records is justified under the circumstances and such evidence may very well be required to come from the bankrupt, especially when he has exclusive control of facts which would establish justification.

In the present case, this Court is satisfied that the plaintiff has established that the bankrupt failed to keep adequate books and records from which his financial condition could be ascertained, as no books and records are available. This Court is equally satisfied, regardless of who has the burden of proof on the issue of justification, that in view of the bankrupt's education and background, his failure to keep adequate books and records is not justified. The bankrupt testified that his books and records for the year 1975 and prior years were lost either by being deposited with the divorce court or were lost by his former wife's attorney. In either event, his testimony was incomplete and unclear and, in no way justified the absence of such books and records. Moreover, the bankrupt admitted that even subsequent to his divorce in 1975, he kept no books and records of his financial transactions, which were in cash, and that even for the year 1977, he did not have any records of his disbursements upon which a proper income tax return could be based. Accordingly, this Court concludes that the ultimate burden of persuasion, placed on the plaintiff by Rule 407, has been met and, therefore, the discharge of the bankrupt should be denied.

A separate final judgment will be entered in accordance with the foregoing.