### In re HATCH.
### No. 17570.

District Court, D. Maine, S. D.
Sept. 18, 1930.

See, also, 43 F.(2d) 378.

Frank P. Preti, of Portland, Me., for bankrupt.

A. E. Neal, of Portland, Me., for creditors.

PETERS, District Judge.

Objections to granting a petition for discharge in this case were referred to a special master, who reported his findings and conclusions together with the testimony taken in the case and recommended that the discharge

464

be granted. The matter was heard by me on exceptions to the master's report. The objections to the discharge were based upon an allegation that the bankrupt had destroyed, concealed, or failed to keep books of account or records from which his financial condition and business transactions might be ascertained. Under the amended section, that is made by law a ground for refusing a discharge, "unless the Court deems such failure or acts to have been justified, under all the circumstances of the case." Bankr. Act § 14 (b), as amended, 11 USCA § 32(b).

■■ The master has made a very full report in which it appears that the debtor was a journeyman plumber engaged in the business principally of selling his own labor and that of an assistant. He had no stock of goods and did not keep a set of books which would probably satisfy an expert bookkeeper. It also appears that in his schedules he stated that he had no books. This appears to be an error of his attorney in making out his schedules for which the bankrupt was not responsible, because immediately upon his bankruptcy he delivered all his books and papers to the trustee, including canceled checks as requested for the preceding four months.

A previously elaborate set of books which had been set up for the bankrupt by expert bookkeepers some years before had not been used by him and were evidently useless and too cumbersome for his small business. The master has found that the bankrupt's memorandum book of receipts and disbursements was kept up to the time of bankruptcy. He had destroyed stubs of his check books but had preserved the checks. It seems that he always destroyed the stubs, and there is nothing significant in that action.

The master especially commends the demeanor and apparent frankness of the bankrupt in his testimony, and finds that such lack of complete books as existed was entirely justified under all the circumstances of the case. That finding was clearly necessary from the evidence, and I can see no reason for disturbing it. The law governing the discharge is for the benefit and assistance of honest debtors and should be construed liberally in their favor. In re Jacobs (C. C. A.) 241 F. 620.

The exceptions to the report are overruled, and the discharge may be granted.