## In re WEISMANN.
### No. 50604.

District Court, S. D. New York.
Aug. 29, 1932.

Robert P. Levis, of New York City, for bankrupt.

George P. Breckenridge, of New York City, for objecting creditors.

PATTERSON, District Judge.

The report of the special master recommending that a discharge be granted to the bankrupt will be confirmed.

■ 1. The first specification in opposition to discharge is that the bankrupt failed to keep books. Under section 14b of the Bankruptcy Act, as amended by Act May 27, 1926, § 6, 11 USCA § 32 (b), the second ground for denying discharge is that the bankrupt "failed to keep books of account, or records, from which his financial condi-tion and business transactions might be ascertained; unless the court deem such failure * * * to have been justified, under all the circumstances of the case." Former-ly, in order to defeat discharge, the bankrupt's failure to keep books had to be with intent to conceal his financial condition. I agree with the opposing creditor that the 1926 amendment effected an important change in the law; that decisions under the section as it stood prior to 1926 are unreliable guides for cases arising under the present provision; and that now the burden of showing why books were not kept rests on the bankrupt. The fair meaning of the section as it stands at present is that a discharge shall be withheld from a bankrupt who has not kept books of account or financial records, unless his situation was such that the normal person under like circumstances would not have kept books and records. It is one thing for a merchant actively engaged in business on his own account not to keep books, and quite another thing for a wage-earner. The standard is one set by the practice of the day.

■ Here the bankrupt had not been in business on his own account for many years. He had been employed by various corporations, in some of which he seems to have had a stock interest. The greater part, if not all, of his living had come from salary received. It would doubtless have been better business practice to have kept personal books of account showing receipts and expenditures, but we know that few men in such a situation actually do so. The failure of the bankrupt to keep books was therefore justified, and this specification has not been sustained.

■ 2. The remaining specification is that the bankrupt "has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities," which is the seventh ground and a new ground for refusing discharge under the 1926 amendment to section 14b. In the present case, there is no mystery as to loss of assets or deficiency of assets to meet liabilities. The property that the bankrupt had several years before bankruptcy had been diminishing quite steadily under the wear and tear of poor investments. This fact, coupled with a habit of living far beyond his means, brought about financial disaster. He apparently preferred to spend his earnings on himself and his family and to live on a scale beyond his means rather than to pay his honest debts,

but there was not a failure to give a reasonably clear explanation of loss and deficiency of assets.

For these reasons the referee's report will be confirmed.