**ROSENBERG v. BLOOM et al.**
No. 8806.

Circuit Court of Appeals, Ninth Circuit.
Oct. 10, 1938.

James A. Johnstone and J. B. Zimdars, both of San Francisco, Cal., for appellant.

Aaron N. Cohen and Sidney Rudy, both of San Francisco, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order denying a discharge in bankruptcy to one Melville Rosenberg, appellant, who will herein be designated as the bankrupt.

The bankrupt petitioned for his discharge and the trustee, Monroe Bloom, and certain creditors, to-wit, Monroe Bloom and Henry Bloom, filed specifications of grounds of opposition to such discharge. The petition for a discharge and the objections thereto were referred to the referee in bankruptcy for the purpose of hearing the objections and reporting his findings to the Court. The petition for a discharge was opposed on four grounds, which were, briefly:

(1) That said bankrupt failed to keep or has destroyed any books of account or records from which his financial condition and business transactions might be ascertained;

(a) More particularly in that they failed to disclose the monies borrowed from D. C. Bloom or the transactions in which the money was used.

(2) That the said bankrupt has failed to explain satisfactorily a loss of assets.

(3) That said bankrupt, in response to material questions approved by the referee, gave vague and evasive testimony as to his business transactions.

(4) That said bankrupt during his examination gave false testimony with regard to his business transactions and the disposition of his assets.

The referee filed his report, stating his findings and conclusions, and recommending that the discharge be denied. He found that the second, third, and fourth specifications should be dismissed, but that the first specification should be sustained. The creditors excepted to the report of the referee so far as it related to the specifications found to be without merit, and the bankrupt sought review of the report as to the ground of opposition which was sustained. The District Court denied the petition for review; overruled the exceptions to the report, and confirmed the same; and denied the petition for discharge. The bankrupt alone has taken an appeal.

Bankrupt's petition for discharge was denied on the ground that by virtue of section 14b, subdivision 2, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 32 (b) (2), [now 11 U.S.C.A. § 32(c) (2)], he is barred of his discharge because, without justification under all the circumstances of the case, he destroyed or failed to keep records from which his financial condition and business transactions might be ascertained.

It appears from the statement of evidence that between the years 1919 and 1926 the bankrupt received as loans, large sums of money from one D. C. Bloom. These advances totaled between $140,000 and $160,000. This money was used by the bankrupt to purchase properties for himself, and in lending money on property. No written evidence of indebtedness was exchanged between the parties until May 1, 1930, when, after prolonged negotiations, the bankrupt entered into an agreement with D. C. Bloom by which the amount to be repaid to D. C. Bloom (and to another) for moneys advanced was fixed, and which provided for the conveyance of nine parcels of property to the California Pacific Title & Trust Company in trust to secure the indebtedness. The obligation thus evidenced has never been repaid, and the properties securing it are valueless. It represents a large portion of the indebtedness from which bankrupt now seeks to be discharged. The objecting creditors are nephews of D. C. Bloom and inherited his claim upon his death in 1932.

It further appears that at least until 1930 or thereabouts, the bankrupt was engaged on a substantial scale in the real estate business, in buying and selling, and in making loans. Since 1930 the bankrupt had only about three real estate transactions, and has engaged in no other business activity. The bankrupt filed his petition in bankruptcy on January 30, 1936, and was adjudicated a bankrupt on the following day. The petition for discharge was filed on December 18, 1936.

The only written record furnished by the bankrupt was a memorandum book containing notations made in January of 1936. The bankrupt testified that he destroyed the original memoranda from which this "record" was made up. It purports to contain a record of practically all the bankrupt's transactions since May 1, 1930. The earliest transaction noted is indicated to have occurred June 14, 1929. The notes in the book make reference to various events and obligations, and are not in chronological order. The bankrupt furnished no records of his business transactions for the period prior to June 14, 1929. His testimony as to such records was that he kept a record of transactions with D. C. Bloom prior to 1930, but that after May 1, 1930, there was no use for them, and that he kept some and destroyed others; that he now has no records of

such period. Bankrupt also testified that he kept a record of the transactions in two "memo books", but that he does not know what happened to them. Again, the bankrupt testified that in moving from hotel to hotel he gradually disposed of his records which were kept in a suit case, in order not to have to walk around with the suitcase in his hand.

In this state of the record, we believe that the finding of the Court "that the bankrupt destroyed or failed to keep books of account or records from which his financial condition and business transactions might be ascertained, and [that] such failure or acts [are] not justified under all the circumstances of the case" is fully supported by the evidence.

█ Section 14b of the Bankruptcy Act, as amended in 1926, 44 Stat. 663, 11 U.S.C. A. § 32, provides for the granting of a discharge unless, inter alia, the bankrupt has "destroyed, mutilated, falsified, concealed, or failed to keep books of account or records, from which his financial condition and business transactions might be ascertained; unless the court deem such failure or acts to have been justified, under all the circumstances of the case". Prior to the 1926 amendment the Act provided that destruction of or failure to keep books did not prevent discharge unless it was with intent to conceal the bankrupt's financial condition. Karger v. Sandler, 2 Cir. 1932, 62 F.2d 80. But by the 1926 amendment the words "with intent to conceal his financial condition" have been deleted from the statute, and the words "unless the court deem such failure or acts to have been justified, under all the circumstances of the case" have been added. The effect of this change has been to take the burden of proving "intent to conceal" from the objecting creditor or trustee, and to place the burden of proving justification upon the bankrupt. Nix v. Sternberg, 8 Cir. 1930, 38 F.2d 611, 612.

██ Each case stands on its own facts with respect to whether or not the bankrupt has sustained the burden of justification which the statute places upon him for failure to keep or destruction of adequate records. In re Underhill, 2 Cir. 1936, 82 F.2d 258, 259; In re Earl, 8 Cir. 1930, 45 F.2d 492. And with the bankruptcy court is lodged a reasonably wide discretion in respect to the matter of denying a discharge for failure to keep books. Nix v. Sternberg, supra; Hultman v. Tevis, 9 Cir., 1936, 82 F.2d 940.

█ We think there was no abuse of its discretion by the District Court in denying bankrupt's petition for discharge. This is not a case where the rules that a salaried person need not keep books [In re Lepine, D.C.N.Y., 4 F.Supp. 808, affirmed 2 Cir., 70 F.2d 1017; In re Weismann, D.C.N.Y., 1 F.Supp. 723] or that an accidental destruction of records is not such a destruction as will bar a discharge [International Shoe Co. v. Lewine, 5 Cir., 1934, 68 F.2d 517] are applicable. It is no excuse for his failure to comply with the requirements of the Act that for several years prior to bankruptcy the bankrupt had ceased to engage in business of any magnitude. The lapse of time between the period of large financial transactions and the date of bankruptcy is no warrant for the destruction of records having reference to such transactions. The bankrupt is attempting to rid himself of debts which were in existence when he ceased his large scale business activity, and the history of those activities should certainly have been preserved at least until the bankrupt had cleared himself of the debts.

█ Nor is there any merit in the contention that the entry into the agreement of May 1, 1930, was an excuse for destruction of records pertaining to transactions prior thereto. Nothing in that agreement explains what happened to thousands of dollars that admittedly passed through the bankrupt's hands in the decade prior to 1930. In no sense can that agreement be deemed a record of bankrupt's financial condition, nor can it be said that all records of prior real estate transactions were merged in the agreement. Nothing therein shows what happened to the moneys which the bankrupt received, or in what transactions he was involved.

It being obvious that the bankrupt's financial condition and business transactions could not be ascertained from the single record book which he did produce, and he having failed to justify his failure to produce adequate records, the judgment of the District Court denying the discharge must be affirmed.

Affirmed.