**In re KEARNEY et al.**

**No. 92.**

Circuit Court of Appeals, Second Circuit.

Dec. 30, 1940.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

Michael H. Grae, of St. George, S. I., N. Y. (Milton Klaw, of St. George, S. I., N. Y., on the brief), for appellant.

Solomon R. Agar, of St. George, S. I., N. Y., for appellees.

CHASE, Circuit Judge.

The appellant, George J. Kearney, and his wife, Clara M. Kearney, filed their voluntary petition in bankruptcy, both as individuals and as co-partners in business under the name of Domestic Laundry Service, in the District Court for the Eastern District of New York on September 2, 1936. They were adjudicated the same day. The matter was referred to a referee who conducted a hearing in accordance with section 21, sub. a, Bankr.Act, 11 U.S.C.A. § 44, sub. a, but neither of the appellees then appeared although both were listed as creditors in the schedules filed. No assets were then discovered. In due course both bankrupts applied for a discharge. The appellees filed objections to the discharge of George J. Kearney on the ground that he had within twelve months before his adjudication fraudulently transferred fifty shares of stock of the Blue White Laundry Co., Inc., to his mother-in-law, Wilhelmena Dooley; and to the discharge of both bankrupts on the ground that each had falsely testified that one Newberger was a creditor. These objections were referred to a special master who heard the evidence; made findings of fact; and recommended the discharge of both bankrupts. The report was confirmed as to Clara M. Kearney and she was granted a discharge which is not involved in this appeal. The district court, however, sus-

tained objections to the report in so far as it concerned George J. Kearney; made findings of fact as to him in some respects contrary to those made by the special master; and denied his application for a discharge on the ground that he had made the fraudulent transfer charged in the first specification of objection. He has appealed.

For some years before the bankruptcy petition was filed, the bankrupt had been in the laundry business under one firm name or another but had never been a financial success. In the early fall of 1935 he was employed by the Blue White Laundry Co., Inc., and in consideration for his experience and connections in the laundry business fifty shares of its stock were transferred to him and he became a director. His only assets appear to have been these shares of stock.

The special master found on the testimony in behalf of the bankrupt that the transfer of the shares to the mother-in-law was on October 7, 1935 by certificate which had been dated October 1, 1936 and then changed to October 1, 1935. There was much to cast doubt upon that finding. It was based almost wholly upon the testimony of the bankrupt and of the mother-in-law and the bankrupt was so discredited that the judge was certainly justified in not believing him. He had in November, 1935, signed an agreement between the Blue White Laundry Co., Inc., and its three stockholders, one Bittel, one Giacco, and himself, providing for an adjustment of each stockholder's interest in the corporation with his widow in case of a stockholder's death. The document was one which each stockholder was to sign and the bankrupt's attempted explanation that he signed only as an officer and director of the corporation left fifty shares unaccounted for and did little to affect the apparent contradiction of his testimony that his stock had previously been transferred to his mother-in-law. The evidence of other officers of the corporation placed the actual transfer in May, 1936, and gave sufficient basis for the finding of the judge that it then took place.

■ This is, of course, another instance of the application of the rule that the judge is finally responsible for findings of fact and is not bound to accept those made by a special master even where the review shows a difference only as to the credibility of witnesses. It is difficult to define precisely the power of the judge in this respect and perhaps it is enough to say that findings

of fact by special masters are to be treated as correct unless from a review of all of the evidence the judge has good reason to, and does, feel convinced that they are wrong. In re Byrd Coal Co., 2 Cir., 83 F.2d 190.

■ There was no evidence that the shares had a market value when they were transferred in May, 1936, but the uncontradicted evidence showed them then to have a book value of $3,750. This was some evidence of value. Virginia v. West Virginia, 238 U.S. 202, 35 S.Ct. 795, 59 L.Ed. 1272; In re Dupignac's Estate, 123 Misc. 21, 204 N.Y.S. 273 aff'd 211 App. Div. 862, 207 N.Y.S. 833. And was sufficient to support the finding that the shares were worth that amount when transferred.

■ Although the bankrupt claimed and attempted to prove that he owed his mother-in-law $2,500, neither the special master nor the judge so found but both did find the amount to be $1,300. That was but a little more than one-third of what the stock was worth when transferred to her. The bankrupt was clearly insolvent then and the amount he owed his mother-in-law was much too small to have been a fair consideration for the transfer. It was therefore fraudulent as to creditors within Section 273 of the New York Debtor and Creditor Law, Consol.Laws, c. 12, and a fraudulent transfer within Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e. Feist v. Druckerman, 2 Cir., 70 F.2d 333.

As the transfer stripped the bankrupt of all his assets, there was reasonable cause to believe that he made it with intent to hinder, delay or defraud his creditors. Having failed to prove the contrary, he was not entitled to a discharge under Sec. 14 of the Act, 11 U.S.C.A. § 32.

Order affirmed.

CLARK, Circuit Judge, dissents with memorandum.

CLARK, Circuit Judge (dissenting).

Bankruptcy General Order 47, 11 U.S.C.A. following section 53, provides—as does Federal Rule 53(e) (2), 28 U.S.C.A. following section 723c—that the judge "shall" accept the findings of fact of a referee or master "unless clearly erroneous." These rules are not rendered inapplicable by the failure of the trial court to heed their mandate. In re Connecticut Co., 2 Cir.,

107 F.2d 734. Here, moreover, the trial court acted in part on an erroneous conception of law, namely, that a debt barred by the statute of limitations is not good consideration; Central Hanover Bank & Trust Co v. United Traction Co., 2 Cir., 95 F.2d 50, holds otherwise

Disregarding much testimony whose only pertinency seems to be the creation of unfavorable atmosphere, we have here as the substantial issue the question of relative value of the property conveyed to the debt which was the consideration for the transfer. The debt itself up to the amount of $1,300 was pretty thoroughly substantiated by bank records. The property consisted of 50 shares of stock of a laundry company, then losing money, owing around $130,000, whose slender margin of about $14,000 of assets over liabilities was found by including in excess of $64,000 of machinery and $29,000 of real estate among the assets. There was no market for the company's stock; it was closely held by the three officers, including the bankrupt who owned 25 per cent. The referee found that the book value of the bankrupt's stock was approximately $3,750, that there was consideration for the transfer, to wit, the debt, and that the transfer was not 'made with intent to defraud the creditors. With property of so dubious value as this, I think the referee's finding of lack of fraudulent intent is not clearly erroneous.