

J. Randolph Davis and William M. Phipps, both of Norfolk, Va., for appellants.

Sidney Sacks and Albert S. Lewis, both of Norfolk, Va., for appellee.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PER CURIAM.

This is an appeal from an order granting a discharge in bankruptcy, which was opposed on the ground that the bankrupt had failed "to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained". Bankrupt was a traveling salesman who kept no books or records. He had a bank account in which he made deposits and against which he drew checks, but he did not preserve his bank statements or cancelled checks after he had examined them. The finding of the Referee in Bankruptcy approved by the District Judge was that bankrupt was not engaged in business for himself but was working for another upon commissions paid him monthly; that such bank account as he carried reflected only his personal expenses; and that his failure to keep or preserve books of account or records was justified in view of the nature and character of his employment.

We see no reason to disturb the action of the court below based upon the findings and recommendations of the referee. The provision of the Bankruptcy Act is that the court shall grant the discharge unless satisfied that "the bankrupt

## BAILY et al. v. BALLANCE.

### No. 4803.

Circuit Court of Appeals, Fourth Circuit.

Oct. 13, 1941.

has * * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case". 11 U.S.C.A. § 32 sub. c(2). Whether such failure is so justified is thus left to the determination of the court in the exercise of a sound discretion (Hultman v. Tevis, 9 Cir., 82 F.2d 940; Rosenberg v. Bloom, 9 Cir., 99 F.2d 249); and there is nothing in the record before us to indicate that such discretion has been in any way abused in this case. On the contrary, it is clear that failure to keep or preserve records is properly held to be justified when the nature of the bankrupt's occupation is such that the keeping or preserving of records is not required by it. Remington on Bankruptcy, 5th Ed., vol. 7, §§ 3304-6; In re Weismann, D.C., 1 F. Supp. 723; In re Earl, 8 Cir., 45 F.2d 492; In re Neiderheiser, 8 Cir., 45 F.2d 489, 490. As was well said by the late Judge Kenyon in the case last cited, which likewise dealt with the discharge in bankruptcy of a traveling salesman:

"If the occupation or business of the bankrupt were such that ordinarily no books of account would be kept, or if the court under all the circumstances deems the failure to keep such books justified, then the failure so to do would not be sufficient to bar discharge. If the bankrupt were engaged in no business and was a mere employee not in the habit of keeping books or records of account, surely the failure so to do would be no bar to discharge. Such appears to be the situation here. Appellant was a traveling man on a small salary, who had not been accustomed to keeping books, had no particular need for so doing, and testified he never did keep books. Under these circumstances we think subdivision 2 above set out would not be applicable. Bankrupt testified he did not have his checks or records of deposit; that he had returned his bank book to the bank. His testimony on this subject is rather unsatisfactory, but we think the evidence is not sufficient to show that he was under any compulsion to keep any books or that he intentionally destroyed or concealed any books or records from which his financial condition might be ascertained."

The order appealed from will accordingly be affirmed. The motion to dismiss the appeal will be denied on authority of Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557.

Affirmed.