## MORRIS PLAN INDUSTRIAL BANK OF NEW YORK v. DREHER.

### No. 391.

Circuit Court of Appeals, Second Circuit.

July 12, 1944.

Israel Grossman, of New York City (Abraham Chaice, of New York City, of counsel), for appellant.

Henry W. Parker, of New York City, for appellee.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The appellant was adjudicated bankrupt upon his voluntary petition filed on July 7, 1943. He scheduled no assets, except insurance policies claimed as exempt, and listed unsecured creditors whose claims total $2,265.05. He was denied a discharge for failure to keep books of account or records from which his financial condition and business transactions might be ascertained. The sole question presented by this appeal is whether the court should have found such failure "to have been justified under all the circumstances of the case." 11 U.S.C.A. § 32, sub. c(2).

The bankrupt contends that the nature of his business is such as not to require the keeping of books or records. He is an itinerant peddler of rags and old clothes, going from door to door to solicit the sale of such discarded articles and reselling his purchases to second hand dealers and junk men. All of these transactions are on the basis of cash in hand, and no writings, bills or statements are given by him in connection with either purchases or sales. Individually the transactions are insignificant in amount, the prices he pays for old clothes running from ten to seventy-five cents. The articles he purchases he usually sells to some second hand dealer on the same day. He has no place of business, no source of income except the earnings from his business, and no bank account. His wife owns an automobile which he uses in collecting his purchases and delivering his sales. He testified that part of the money paid for it was given her by her father and the balance she saved out of the weekly sums the bankrupt gave her for their household expenses. They live in rented quarters for which the monthly rent is $32. He says that he makes about twenty-five or thirty dollars a week, and that his income was $1200 in 1941 and $1350 in 1942. These figures, however, are merely an estimate or the result of his recollection; there are no records to substantiate them. The debts that the bankrupt scheduled were not incurred in the years during which he has been a peddler. Some ten or fifteen years ago he conducted in partnership with his first wife, from whom he is now divorced, a department

store business of considerable size. But that business failed in 1930 or thereabouts. All of his present debts go back to that period and most of them are evidenced by judgments entered in 1933 or earlier years; only one for $100 was entered as late as 1936. The objecting creditor's judgment was obtained in 1931. Its recent efforts to collect on this judgment caused the bankrupt to file the present petition in order to get clear of his old debts.

 It is true as the appellee contends that without the keeping of records the bankrupt's creditors are wholly unable to check his testimony as to the amount of his earnings. Nevertheless we can not think that a peddler of rags and old clothes who does only a cash business, involving so many transactions each so trifling in amount, should be held to the need of keeping books. It has been held that if a bankrupt's business is such that books would not ordinarily be kept, a failure to keep them should not bar his discharge. In re Neiderheiser, 8 Cir., 45 F.2d 489, 490, 73 A.L.R. 1152. See also, In re Weismann, D.C.S.D.N.Y., 1 F.Supp. 723; In re Hatch, D.C.S.D.Me., 43 F.2d 463; Devorkin v. Security Bank & Trust Co., 6 Cir., 243 F. 171, 172; Collier on Bankruptcy (14th ed.), § 14.32. The test in applying this section of the bankruptcy act is a loose test, concerned with the practical problems of what can be expected of the type of person and the type of business involved. Klein v. Morris Plan Industrial Bank, 2 Cir., 132 F.2d 809, 810, 144 A.L.R. 1278, and cases there cited. In our opinion the bankrupt's failure to keep books under the circumstances disclosed does not justify withholding his discharge.

Order reversed.

CLARK, Circuit Judge (dissenting).

This bankrupt, when engaged in a sizable department store business with his first wife some years ago, had acquired—and in fact retained till now—substantial debts: at some time he turned over to her real estate consisting of seemingly extensive store and apartment property and later started again in a business here considered so small that his lack of any records whatsoever is held justified. But as the referee well said, "There isn't the slightest chance, in this proceeding, for the creditors to determine whether the bankrupt is telling the truth. He knew he had the old debts on his shoulders. Barring unusual circumstances he was bound to go more deeply into debt." There were other things, too, which justified the referee's lack of warmth towards the bankrupt: the latter's ability substantially to finance the purchase for his wife of a Pontiac automobile used by him in his business; his hedging about his capacity to write numbers or keep accounts; his lack of frankness as to the government's claim for an income tax, which he appears to have paid—however ascertained or computed. Most cases of discharge require ultimately a decision as to the bankrupt's honesty and veracity—questions best decided by the trier who has actually observed the man before him. Hence in practice we follow the referee's judgment unless, of course, his law is mistaken or his findings "clearly erroneous"—as we have done already this year in some half dozen cases. See my dissent in Benjamin v. Jaspan, 2 Cir., 1944, 144 F.2d 58, a case where—contrary to the trend of view here —a referee was reversed for being too lenient as to a bankrupt's books. Such cases suggest ambiguous conflicts unless they are resolved upon their particular facts; for my part I would not only sustain, but agree with one referee in believing Benjamin, and another referee in disbelieving this bankrupt.

Therefore, if this were treated only as a question of fact for the individual case, Klein v. Morris Plan Industrial Bank of New York, 2 Cir., 132 F.2d 809, 811, 144 A. L.R. 1278, I should not be disposed to object. But the reversal of the referee's findings— and of the district court's affirmance as well—appears to make it a rule of law that the smallness of a business may justify the lack of any records. A test based on size of the business appears generally to have been rejected; it is rather the complexity of the business or occupation and the affording of means of ascertaining the bankrupt's "financial condition and business transactions," in the statutory language, which should constitute the test. Cf. 1 Moore's Collier on Bankruptcy, 14th Ed. 1940, 1336, and 1943 Cum.Supp. 161–163, citing cases. Hence, as the cited cases show, a wage earner whose condition is easily ascertainable may be excused from keeping books where the owner of a retail business should not be. But it is also clear that no records more elaborate than this purpose requires need be kept; thus, invoices, sales slips, and cancelled checks were held sufficient in Hedges v. Bushnell,

10 Cir., 106 F.2d 979. Ignorance, however, as we have held, is not an excuse. In re Herzog, 2 Cir., 121 F.2d 581, certiorari denied Herzog v. Dorman, 315 U.S. 807, 62 S.Ct. 640, 86 L.Ed. 1206. Learned investigators have pointed out how generally lack of records is a warning signal of a weak or tottering business, and have intimated that the courts have done rather less than they should in attempting to enforce some standards, at least, of adequate records. Douglas, Some Functional Aspects of Bankruptcy, 41 Yale L.J. 329; and Corstvet, Inadequate Bookkeeping as a Factor in Business Failure, 45 Yale L.J. 1201, cited in the Klein case, supra. A judicial principle finding justification for lack of any records at all in the trifling nature of the business, without respect to the general credibility of the bankrupt or his past business experiences or practices, seems to me both undesirable and not consonant with the statute. I would affirm.