**In re SANDOW et al.**

**No. 80.**

Circuit Court of Appeals, Second Circuit.

Nov. 5, 1945.

FRANK, Circuit Judge, dissenting.

———◆———

George W. Wollins, of New York City (Murray M. Cowen, of New York City, of counsel), for bankrupt-appellant.

Isador Goetz, of New York City, for appellee.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The bankrupt produced no books and records of any kind from which his financial transactions could be ascertained. He testified that he had kept none; and the referee held that his failure to do so was justified and granted his application for a discharge. The district judge denied the discharge and it is from this order that the bankrupt has appealed.

The referee reached his conclusion apparently because he believed the bankrupt was a small wage earner who was under no obligation as a condition upon his discharge to keep and preserve any books or records which would disclose his financial status. The opposite conclusion was reached by the district judge apparently because he believed that the bankrupt had incurred his debts in conducting businesses which in kind and extent ordinarily required the keeping of books and records of account and that his failure to do that was not shown to have been justified as the statute requires. § 14, sub. c(2) of the Bankruptcy Act, 11 U.S. C.A. § 32, sub. c(2).

The record presents the all too frequent situation of a bankrupt uncertain and confused as to the number and amount of his debts and as to what has become of such property as he may have had. There is no dispute as to the facts so far as they did appear and those which need mention will now be stated.

On October 18, 1943, the appellant was adjudicated a bankrupt on a voluntary petition filed that day. His schedules showed debts of about $42,000 and about $15,000 of them were contingent. No assets were disclosed. No books or records of any kind were ever produced. All but one of the obligations from which he sought a discharge grew out of three business ventures, in which he and at least two others participated as part owners, in the City of New York during about two years ending in December 1941. They were so-called milk bars owned in the names of three corporations formed by the bankrupt and his associates and called respectively 1544 Broadway Corporation, Metropolitan Farms and Metro Milk Bar. Books of account were kept for all of these corporations by an accountant but none of their records or books were produced by the bankrupt. There was

some evidence that some of them had been taken to a lawyer's office and that some had been thrown away after they had been wet in a flooded basement where they were stored after the milk bars proved unsuccessful. However that may be, the record is barren of proof that the bankrupt made any effort to preserve or produce any of such books or records. He owned one-third of the stock and was the president both of Metropolitan Farms and of the Metro Milk Bar, but was inactive in their affairs except as he personally endorsed or guaranteed some of their obligations and signed their checks as president when such checks were made out by someone else and presented to him for signature. He worked on the premises of 1544 Broadway Corporation for a salary of $30.00 a week, was its treasurer and had some investment in it, the nature and amount of which were not shown.

The issue presented by this appeal is whether the district judge not only had to accept the referee's findings of fact unless clearly erroneous, as he is by General Order 47, 11 U.S.C.A. following section 53 required to do, but had also to adopt, contrary to his own judgment, the referee's conclusion that on those facts this bankrupt's failure to produce any books or records of account was justified, unless it can be demonstrated that the conclusion was "clearly erroneous."

■ We have held that our power to review a referee's findings of fact is subject to the same limitation as that which is imposed upon the district judge. Morris Plan Industrial Bank v. Henderson, 2 Cir. 131 F.2d 975. But after findings of fact not clearly erroneous have been made by the referee, which are binding upon the district court and to the same extent upon us, there remains for decision in cases like this the question of law, whether the failure to keep and preserve financial records was justified under the circumstances proved and found. That question is open for independent decision by the judge like any other question of law and we have repeatedly held that the responsibility for final, overall decision is his. Morris Plan Industrial Bank v. Henderson, supra; In re Kearney, 2 Cir., 116 F.2d 899; In re Byrd Coal Co., 2 Cir., 83 F.2d 190; In re M. & M. Mfg. Co., 2 Cir., 71 F.2d 140; In re Gurney, 2 Cir., 71 F.2d 144.

■ The appellant was a responsible officer in each of the corporations and, in approximately two years while business was being done in their names, incurred personal obligations which he has listed to the substantial amount already mentioned, less one rent claim for $5000.00 in favor of a previous landlord. He has sought a discharge from that indebtedness without producing a bit of evidence, other than his own confused and confusing testimony, to enable his creditors to discover what became of the property and the money received by him or the corporations when his debts were created, or his own assets whatever they may have been. Unless he could show that his failure to keep and preserve such records was justified under all the circumstances he was not entitled to the benefits of a discharge. In re Muss, 2 Cir., 100 F.2d 395. The statute puts the burden squarely upon the bankrupt who produces no financial records to produce at least a satisfactory explanation of their absence. What will amount to that will necessarily depend upon the extent and nature of his transactions. If they were such that others in like circumstances would ordinarily keep financial records he must show more than that he did not comprehend the need for them and must carry his explanation by way of justification to the point where it reasonably appears that because of unusual circumstances he was under no duty to keep them. Less than that will not serve as a substitute for the primary obligation of a bankrupt to produce adequate records from which his financial situation may be ascertained. White v. Schoenfeld, 2 Cir., 117 F.2d 131.

■ The justification which the law requires was not shown by this bankrupt as the district judge clearly perceived when he denied the discharge.

Order affirmed.

FRANK, Circuit Judge (dissenting).

The statute provides that a discharge is to be denied for failure to keep or preserve books of accounts or records "unless the court deems such * * * failure to have been justified *under all the circumstances* of the case." (Emphasis added.) Those words seem to me to establish not a "reasonable man" test but an individualized one, i. e., whether the particular bankrupt's conduct was justified, considering his particular

background and education. Cf. Hedges v. Bushnell, 10 Cir., 106 F.2d 979, 982; In re Neiderheiser, 8 Cir., 45 F.2d 489, 490, 73 A.L.R. 1152. The facts as found by the Referee show the bankrupt to be an ignorant person unaware of the way in which most businessmen conduct their business operations. Thus the bankrupt, as a matter of fact, satisfied the statutory test, and the Referee committed no error of "law." The findings of fact were not "clearly erroneous," and therefore bound the judge. Consequently, I think he could not properly reverse the Referee.