**In re SPITZER.**

United States District Court
S. D. New York.
March 21, 1949.

Breed, Abbott & Morgan, of New York City (Thomas J. Milan, of New York City, of counsel), for bankrupt.

Reuben E. Gross, of Staten Island (Sidney Basil Levy, of New York City, of counsel), for South Shore Bank of Staten Island, Objecting Creditor.

KAUFMAN, District Judge.

This is a petition to review an order of the Referee denying the bankrupt a discharge. The specifications of objections charge (1) that the bankrupt has failed to preserve books of account for the period 1923 to 1937 of Henry L. Spitzer and L. W. Osborne doing business as Richmond County Buick Co., of Richmond County Buick Co., Inc. and of Richmond County Garage Co., Inc.; that he has failed to preserve his shares of stock in said corporations and memoranda showing the disposition of his earnings for the period 1937 to 1947; (2) that the bankrupt has destroyed the items mentioned in the first specification; (3) that the bankrupt has concealed the items mentioned in the first specification; and (4) that the bankrupt has failed to keep records of the disbursement of his earnings for the period 1937 to 1947.

The proof adduced at the hearing was insufficient to substantiate the third and fourth specifications and the Referee made no findings or conclusions with reference thereto. Accordingly they should have been dismissed.

The facts show that from 1923 until about 1925 the bankrupt was in the automobile business with L. W. Osborne, his partner, doing business as Richmond County Buick Co.; that from 1925 to 1933 the bankrupt and Osborne each owned fifty per cent. of the stock of Richmond County Buick Co., Inc.; that from 1933 to 1936 the bankrupt was the sole stockholder of Richmond County Garage Co., Inc.; that complete books of account were kept for the partnership and each of said corporations; that from 1936 to 1938 the bankrupt was unem-

ployed; that from 1938 to March, 1948 he was employed as a wage earner, and that from March, 1948 until the institution of these proceedings he was unemployed.

The bankrupt was the only witness produced at the hearing. He testified that in 1933 the Richmond County Buick Co., Inc. went out of business due to lack of funds and that the corporation had no assets. He also stated that the Richmond County Garage Co., Inc., which he organized in 1933, went out of business in 1936 because "I had no money to continue and couldn't do any business".

The record shows that after the Richmond County Garage Co., Inc. went out of business, the bankrupt cleaned out his personal desk in the office of that corporation; that while doing so he destroyed the shares of stock which he owned in the Richmond County Buick Co., Inc. and in the Richmond County Garage Co., Inc., and put the books of the partnership and the corporations in a box and took them to his home. The bankrupt testified that he tore the stock up because "it wasn't worth anything" and that he kept the books until 1943, when he gave them away during a paper drive.

Schedule A–3, which lists all the unsecured debts of the bankrupt, was introduced in evidence by the objecting creditor. The debts are evidenced by five judgments and one unrecorded confession of judgment. The latter represents the unpaid balance of a personal loan made in 1928 or 1929 and amounts to $400. The State Tax Commissioner holds a judgment for $96.57, which was obtained in 1935. The 233 Corporation holds a judgment obtained in 1934 for $1,141.76, representing a claim for the balance of rent due on an unexpired lease of the bankrupt's apartment, he having moved out because he "couldn't afford to live there". The Colonial Discount Co., Inc. holds a judgment rendered in 1941 in the amount of $4,689.67. The Tottenville National Bank holds a judgment rendered in 1935 in the amount of $3,048.79. The South Shore Bank, the only objecting creditor, holds a judgment rendered in 1935 in the amount of $1,116.70. The record indicates that the three latter judgments are based on notes given by Richmond County Buick Co., Inc. in 1931 and 1932, which notes the bankrupt endorsed. The schedules list no assets.

Section 14, sub. c(2) of the Act of 1938, 11 U.S.C.A. § 32, sub. c(2), provides in part that "The court shall grant the discharge unless satisfied that the bankrupt has * * * destroyed * * * or failed to * * * preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case * * *".

■■■ The section no longer requires proof of an intent to conceal. Nix v. Sternberg, 8 Cir., 38 F.2d 611, certiorari denied 282 U.S. 838, 51 S.Ct. 20, 75 L.Ed. 744; In re Underhill, 2 Cir., 82 F.2d 258, certiorari denied Underhill v. Lent, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402. "The interests protected are those of creditors, and the bankrupt's conduct must affect their ability to learn". Karger v. Sandler, 2 Cir., 62 F.2d 80, 81. When the objecting creditor shows the absence of the records required, the burden of establishing justification shifts to the bankrupt. 1 Collier on Bankruptcy, 14th Ed., § 14.33, p. 1337, n. 3. The question is the reasonableness of the bankrupt's acts in the circumstances of the particular case.

The Referee concluded that the bankrupt had failed to preserve the books of the partnership and corporations from which the financial condition and business transactions of the bankrupt might have been ascertained, that he destroyed the shares of stock of the corporations, and that under all the circumstances the acts were not justified.

■■■ The only act proved in support of the second specification was the destruction of the shares of stock. Nothing more could have been learned from them than the extent of the bankrupt's interests in the corporations. He testified that he owned 50 per cent. of the stock of one and all of the stock of the other. The certificates themselves would throw no further light on the bankrupt's financial conditions and business transactions. The dismissal of the second specification was therefore warranted.

There remains then the factors adduced to support the first specification, to wit, the failure to preserve the books of the partnership and the two corporations.

The Referee found that from 1923 to 1925 the bankrupt and his partner were in the automobile business doing business as Richmond County Buick Company. Although the record shows that this certificate of doing business was never cancelled, the bankrupt testified that the business was continued as a partnership only for a short time and nothing to the contrary is indicated in the testimony.

The statute requires the production of records so that the bankrupt's business transactions can be ascertained only "for a reasonable period in the past". In re Underhill, 2 Cir., 82 F.2d 258, 260, certiorari denied Underhill v. Lent, 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402. Records of transactions made twenty-three and more years ago, and a substantial period prior to the time when the bankrupt incurred the obligations from which he now seeks to be discharged, are not such as the statute requires the bankrupt to produce in the circumstances of this case. The failure to preserve them will not bar a discharge.

While it is true that the production of corporate records by a bankrupt in certain circumstances may justify the failure to keep individual records, there would appear to be a question as to whether an objecting creditor may demand in the first instance the production of records of a corporation in which the bankrupt had a stock interest. See White v. Schoenfeld, 2 Cir., 117 F.2d 131, 132; In re Sandow, D.C., 59 F.Supp. 782, 784, affirmed 2 Cir., 151 F.2d 807. The record is barren of any evidence to show whether or not the bankrupt kept any personal records for the period here in question.

Assuming that the demand for the corporate records was proper, it is difficult to see how their non-production would in any way prejudice the creditors here.

It is significant to note that the objecting creditor never issued an execution on its judgment and never examined the bankrupt in supplementary proceedings prior to the filing of the petition herein. While, of course, this is not conclusive, it is at least some indication that the objecting creditor believed the bankrupt had no assets and was satisfied that further proceedings would be of no avail. It permitted thirteen years to go by without adopting a contrary attitude.

The bankrupt kept these records for seven years and donated them to the paper drive some five years prior to the institution of these proceedings. It is true that he took the risk of failing to preserve the records, but under all the circumstances that failure was justified.

Insofar as the Referee's finding No. 3 may hold that the bankrupt was actually engaged in business as a member of a partnership during the time that the debts were contracted, what has been said with reference to the books of the corporation is also applicable to the books of the partnership.

The exceptions to the Referee's report are sustained to the extent herein indicated and the bankrupt's discharge is granted.

Settle order on notice.