485 F.2d 227
 In the Matter of Salvadore Henry Bartolotta, a/k/a Sal
Bartolotta, Bankrupt. Salvadore Henry BARTOLOTTA,
a/k/a Sal Bartolotta, Bankrupt, Appellant,
v.
Jerry LUTZ, d/b/a Lutz Greenhouses, Appellee.
 No. 73-2282 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 1, 1973.
 
 Thomas E. Schafer, III, William J. Scheffler, III, New Orleans, La., for appellant.
 Foster J. Johnson, Jr., New Orleans, La., for appellee.
 Before WISDOM, AINSWORTH and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this bankruptcy case, the referee denied a discharge under Sec. 14(c)(2) of the Bankruptcy Act, 11 U. S.C. Sec. 32(c)(2) (1970), for failure of the bankrupt, Salvadore M. Bartolotta, "to keep or preserve books or accounts or records, from which his financial condition and business transactions might be ascertained". On appeal, the bankrupt contends that the referee erred in failing to inquire into whether the bankrupt's Christmas tree business was of sufficient complexity so that the failure to keep books and records of his transactions would justify denial of a discharge in bankruptcy. We vacate and remand to the referee for a hearing on this question.
 
 
 2
 The bankrupt, Salvadore M. Bartolotta, was an air-conditioning and refrigerator mechanic who sold Christmas trees as a part-time business during the Christmas season. The creditor objecting to the discharge, Jerry Lutz, d/b/a Lutz Greenhouses, sold Bartolotta Christmas trees between November 24, 1971, and December 11, 1971, and the debt in question was for the purchase price of these trees. The indebtedness to Lutz is the only "business" debt; otherwise Bartolotta would be considered an individual bankrupt and the maintenance of books and records would not be an issue. Lutz objected to Bartolotta's discharge on three grounds: (1) Bartolotta concealed proceeds of the sales of trees during the 1971 season; (2) he concealed certain equipment used in his Christmas tree operations; and (3) he failed to keep books of account and records from which his financial condition might be ascertained.
 
 
 3
 The referee, treating the first and third grounds together, found as a matter of fact that Bartolotta's "operations required him to maintain books and records" and that he "deliberately failed to maintain a bank account or books and records in the two years prior to his bankruptcy in order that his financial condition could not be ascertained". Accordingly, the referee denied a discharge. Upon a petition for review, the district court refused to disturb the referee's order.
 
 
 4
 On appeal, the bankrupt contends that the referee's finding was erroneous because he failed to determine whether the bankrupt's business was of sufficient complexity to require the keeping of books and records. Bartolotta cites a long line of cases establishing the proposition that failure to keep books and records is not a valid reason for denying discharge if the business in question is not of sufficient complexity for the keeping of records.[1] He notes that the record discloses no evidence whether other part-time Christmas tree businesses kept records. He also notes that the agent who testified for Lutz, like Bartolotta, conducted a part-time Christmas tree business in the late fall, but he did not testify whether he kept records in his business. Therefore, the bankrupt contends, we should remand for further findings on this matter.
 
 
 5
 We agree that the referee erred in not taking evidence on the complexity of the bankrupt's business. Section 14(c)(2) directs the courts to deny discharge if the bankrupt has failed to keep books or records only if the failure is not "justified under all the circumstances of the case". One form of justification is a showing that the bankrupt's business was not of such size and complexity that the keeping of books and records was necessary. Morris Plan Industrial Bank of New York v. Dreher, 2 Cir. 1944, 144 F.2d 60; see 7 Remington on Bankruptcy Sec. 3101, at 205-06 (6th ed. 1955). It is not possible to conclude that as a matter of law the appellant's business-conducted only one month out of the year, consisting of only one type of sales transactions, all made on a cash basis-was one typically requiring the keeping of books and records. Moreover, even were this the usual practice, there might have been circumstances peculiar to Bartolotta's business which would have created justification for his failure to keep records. The referee should have heard both evidence concerning the practices of Christmas tree salesmen generally, and evidence of any special circumstances that might have been relevant in Bartolotta's case.
 
 
 6
 We conclude that the record here "shows such slight exploration of the relevant circumstances that the case must be returned to the referee for a further hearing and explicit findings and decision upon this aspect" of the case. In re Barbato, 3 Cir. 1968, 398 F. 2d 572. In these circumstances, the proper course is to remand the case to the referee for further findings. In re Barbato, 3 Cir. 1968, 398 F.2d 572; In re Butler, 3 Cir. 1969, 407 F.2d 1059.[2]
 
 
 7
 Vacated and remanded.
 
 
 
 *
 Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part. I
 
 
 [1]
 Morris Plan Industrial Bank of New York v. Dreher, 2 Cir. 1944, 144 F.2d 60; In re Neiderheiser, 8 Cir. 1930, 45 F.2d 489; In re Worley, D.Neb.1942, 47 F.Supp. 212; see 7 Remington on Bankruptcy Secs. 3101-08
 
 
 [2]
 Since the case is to be remanded, it is appropriate to note that the referee may not have applied the proper legal standard in denying the discharge. The statement that Bartolotta "deliberately failed to maintain a bank account and books and records" (emphasis supplied) suggests that the referee thought that a finding that the bankrupt had intended to conceal his financial condition was essential to denying a discharge under Sec. 14(c)(2). In fact, such an intention is not required; it is sufficient that the bankrupt negligently failed to keep books, if his business is one requiring the keeping of books and records. Rosenberg v. Bloom, 9 Cir. 1938, 99 F.2d 249; 7 Remington on Bankruptcy Sec. 3097 (6th ed. 1955). On remand, this is the standard the referee should apply