**Shepard A. SPUNT, d/b/a General Solids Associates, Plaintiff,**

v.

**Edwin D. WELLS, Defendant-Bankrupt.**

**Bankruptcy No. 79–240.**

United States Bankruptcy Court, D. Rhode Island.

June 1, 1981.

---

Cornelius J. Sullivan, Brookline, Mass., for plaintiff.

Thomas H. Rosenfield, Providence, R. I., for defendant.

## DECISION DENYING PLAINTIFF'S OBJECTION TO DISCHARGE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

■ Heard on Shepard Spunt's objection to the Bankrupt's discharge, alleging viola-

tions of sections 14(c)(2) and 14(c)(7) of the Bankruptcy Act of 1898. 11 U.S.C.A. § 32 (1976).[1]

Section 14(c)(2) provides that:

The court shall grant the discharge unless satisfied that the bankrupt has ... (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case.

The interests protected by this section are those of the creditor, and responsibility lies with the debtor "to take such steps as ordinary fair dealing and common caution dictate to enable the creditors to learn what he did with his estate." *Koufman v. Sheinwald*, 83 F.2d 977, 980 (1st Cir. 1936); *In re Martin*, 554 F.2d 55 (2d Cir. 1977).

Section 14(c)(7) directs the court to deny a discharge if the bankrupt "has failed to explain satisfactorily any losses of assets or deficiency of assets to meet his liabilities."

The Plaintiff's complaint is founded upon two allegations: (1) that the Defendant-Bankrupt, as executor of his father's estate,[2] failed to file any accounts or reports with the Probate Court, or the state or federal taxing authorities, and (2) that during his lifetime the debtor's father possessed numerous gold coins and jewelry, and that the absence of these alleged assets has not been adequately explained by the Bankrupt.

The Bankrupt admits that as the executor appointed under his father's will, he did not file a schedule of assets or any reports, and he testified that the will was not filed for probate because there was "nothing to probate." Moreover, the Bankrupt contends that he has no knowledge whatsoever

1. Because this case was filed prior to the October 1, 1979 effective date of the Bankruptcy Reform Act of 1978, the provisions of the 1898 Bankruptcy Act are controlling.

2. Edwin Wells was named as executor by his father's will. The will, however, was never filed for probate.

of any gold coins or jewelry, and that he did not take, receive, or inherit any of the same from his father. Although this was a lengthy and bitterly contested trial, the case stands basically in the posture described.

The failure to keep books and records, without more, is not a sufficient basis upon which to deny a discharge in bankruptcy. Section 14(c)(2) directs the court to grant a discharge if the failure of the bankrupt to keep books or records "is justified under all the circumstances of the case." Nowhere is it expressly required or implied in the Act that the failure to keep records is an absolute bar to discharge, regardless of the circumstances. A long line of cases holds that not everyone is required to keep books, and that if a business is not of substantial size and complexity, the maintenance of books and records is not a prerequisite to a discharge. *Morris Plan Industrial Bank of New York v. Dreher*, 144 F.2d 60 (2d Cir. 1944); *Stanley's Incorporated Store No. 3 v. Neiderheiser*, 45 F.2d 489 (8th Cir. 1930); *Bartolotta v. Lutz*, 485 F.2d 227 (5th Cir. 1973). It seems reasonable to conclude that this reasoning would apply a fortiori in cases of individuals not engaged in business.

Based on the record developed in this proceeding, the Court is satisfied that the Bankrupt's failure to keep personal financial books and records was not required. The Bankrupt was an individual not engaged in business, and considering his total inability to manage even his private affairs, to deny a discharge in the absence of any intent to conceal would be contrary to the intent and the spirit of the Act. Similarly, the Bankrupt's failure to keep records for the estate, when he reasonably believed there were no assets to probate, is justified under the circumstances.

The creditors' second grant for objection to discharge involves the Bankrupt's failure to account for certain gold coins and jewelry, allegedly owned by the Bankrupt's father before his death. The mandate of

§ 14(c)(7), requiring denial of discharge if the bankrupt fails to satisfactorily explain any loss or deficiency of assets, is sufficiently broad to include an unexplained disappearance of assets which the bankrupt converted from another. See *Morris Plan, supra.* However, in the instant case, no basis was established upon which the Court could reasonably conclude that the Bankrupt actually came into possession of any gold coins or jewelry. The Court was not impressed with the Bankrupt's testimony, and afforded it little weight or credibility. Despite this, however, the creditor failed to establish a prima facie case on this issue, because Mr. Spunt's testimony was as unconvincing as that of the Bankrupt with respect to the existence of any alleged "pot of gold." Bankruptcy Rule 407.[3] The Bankrupt is not required to assume the burden of explaining a loss which has not been established in the first instance.

The objection to discharge cannot be sustained on either ground.